UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAN-MICHAEL RIVES,

                Plaintiff,                      MEMORANDUM AND ORDER
                                                                20-cv-621 (RPK) (SMG)

   -against-

SUNY DOWNSTATE COLLEGE OF MEDICINE,
LISA MERLIN, M.D., ANDREW ADLER, M.D.,
ROBIN OVITSH, M.D., JEANNE MACRAE, M.D.,
CARLOS PATO, M.D., JOSEPH MERLINO, M.D.,
JEFFREY PUTMAN, M.D., and SOPHIE
CHRISTOFOROU, M.D.,

              Defendants.
------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

       Plaintiff, acting *pro se* and using his own name, initiated this action in January 2020. *See* Compl. (Dkt. #1). Several months later, plaintiff filed an *ex parte* motion to proceed under the pseudonym "student." *See* Mot. to Proceed Pseudonymously ("Mot.") (Dkt. #7). Plaintiff subsequently submitted a letter attaching a proposed amended complaint. *See* Pl.'s Letter and Proposed Am. Compl. ("Am. Compl.") (Dkt. #8). Among other changes, the proposed amended complaint would revise the caption of the case to replace plaintiff's name with "student." *Ibid.* For the reasons that follow, plaintiff's motion to proceed pseudonymously is denied. If plaintiff wishes to proceed with his amended complaint, he must refile it under his own name.

## BACKGROUND

       On January 31, 2020, plaintiff filed a complaint asserting claims under the Rehabilitation Act of 1973, the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fourteenth Amendment, and state common law. *See* Compl. ¶ 11. Plaintiff's proposed amended complaint includes similar claims, but it would replace his

1

Title VII claim with a claim under Title IX of the Education Amendments Act of 1972 ("Title IX"). *See* Am. Compl. ¶ 5. According to plaintiff, he attended SUNY Downstate College of Medicine ("SUNY Downstate") as a medical student starting in 2014, until he was placed on medical leave in early 2016 and subsequently denied readmission. Compl. ¶¶ 1, 15, 61, 83, 86. Plaintiff alleges that the school and several faculty members and administrators unlawfully discriminated against him because he "suffers from ADHD and intermittent depression." *Id.* ¶ 16; *see id.* ¶¶ 2-11. He also claims that a university official sexually harassed him during a private meeting by "caress[ing]" plaintiff's cheek and telling plaintiff that he likes looking at plaintiff's face. *Id.* ¶¶ 69-70; *see* Mot. at 1. In plaintiff's proposed amended complaint, he claims that the official "stopped advocating for [plaintiff]" after plaintiff "rejected his sexual advance." Am. Compl. ¶ 153.

On June 10, more than four months after filing the complaint, plaintiff filed a motion seeking leave to proceed under a pseudonym because the case involves details about his "medical history and academic record," as well as an "allegation of sexual harassment." *See* Mot. at 1. Plaintiff expresses concern that "if [he] were to prevail, and if relief were to include [his] being able to resume [his] training," he would be harmed in his future application to residency programs because his name would be "publicly associated with litigation against a medical school." *Id.* at 1-2. He states that he did not use a pseudonym when he filed his complaint in January because his attorney "abandoned" him "less than a week before the statute of limitations was set to expire on many of [his] claims," leaving plaintiff without time to "properly research" how to proceed anonymously. *Id.* at 2. As plaintiff notes, this case is in its early stages and the defendants have not yet been served. *Ibid.*

2

DISCUSSION

Federal Rule of Civil Procedure 10(a) requires the title of a complaint to "name all the parties." The Second Circuit has recognized that, while it is sometimes appropriate for a litigant to proceed under a pseudonym, Rule 10(a)'s requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).

When considering a plaintiff's request to proceed anonymously, courts in this Circuit balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has set forth a non-exhaustive list of ten factors to guide courts in balancing these interests. *Id.* at 189-90. Specifically, courts should consider whether:

(1) "the litigation involves matters that are highly sensitive and [of a] personal nature";

(2) "identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties";

(3) "identification presents other harms and the likely severity of those harms . . . including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity";

(4) "the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of his age";

(5) "the suit is challenging the actions of the government or that of private parties";

(6) "the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court";

(7) "the plaintiff's identify has thus far been kept confidential";

(8) "the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity";

(9) "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and

(10) "there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 190 (internal quotations and citations omitted).

While plaintiff has invoked several of the *Sealed Plaintiff* factors in support of his desire to proceed anonymously, he has not made a strong enough showing to demonstrate that his case should be treated as an "exception" to the general rule that parties litigate in their own names. *See Pilcher*, 950 F.3d at 45; *see also* Fed. R. Civ. P. 10(a).

Plaintiff's suit does touch on topics that are somewhat "sensitive" and "personal," *Sealed Plaintiff*, 537 F.3d at 190 (factor one), but the allegations are not so sensitive and personal as to justify employing the unusual procedure of a pseudonymous suit. While the complaint includes information about plaintiff's medical history and an allegation of sexual harassment, plaintiff's factual claims do not present "exceptional circumstances that in and of themselves justify overriding the constitutional presumption of openness." *Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006). The facts alleged in the complaint are not especially intimate compared to other ADA, Title VII, and Title IX cases in which plaintiffs have proceeded under their own names. *See, e.g.*, *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 183 (2d Cir. 2015) (discussing former student's depression, anxiety, and academic history in connection with ADA action against medical school); *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 68 (2d Cir. 2019) (discussing employee's Tourette's Syndrome and Obsessive-Compulsive Disorder in connection with ADA action against employer); *Rice v. Smithtown Volkswagon*, 321

F. Supp. 3d 375, 381-82 (E.D.N.Y. 2018) (discussing employee's allegations under Title VII that an officer of employer sexually harassed him, in part by sending sexually explicit photographs); *Tubbs v. Stony Brook University*, 343 F. Supp. 3d 292, 296-97 (S.D.N.Y. 2018) (discussing student's allegations of sexual assault in connection with Title IX action against universities). And courts have denied leave to proceed pseudonymously in cases involving more sensitive allegations. *See Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405-06 (S.D.N.Y. 2019) (denying motion to proceed anonymously despite "highly sensitive" allegations of being "sexually assaulted while unconscious" and subject to "sexual harassment following the incident"); *Lawson v. Rubin*, No. 17-cv-6404 (BMC) (SMG), 2019 WL 5291205, at *2 (E.D.N.Y. Oct. 18, 2019) (granting motion to vacate protective order that had permitted plaintiffs to proceed under pseudonyms, despite "highly sensitive and personal" allegations of sexual assault, because the case was "proceeding to trial").

While petitioner also suggests that anonymity is warranted because he would "suffer . . . harm to [his] career," from the disclosure of his identity, Mot. at 1; *see Sealed Plaintiff*, 537 F.3d at 190 (factor three), that contention appears speculative on this record. Plaintiff expresses concern that even if he prevailed in his lawsuit and were reinstated as a student, he would "suffer irreparable harm in [his] application to residency programs were [his] name to be publicly associated with litigation against a medical school." Mot. at 2. But plaintiff has not provided support for his contention that residency programs would retaliate against him for filing even a meritorious lawsuit based on sexual harassment and disability discrimination. Courts have declined to allow litigants to proceed anonymously based on similar fears. *See Anonymous v. Medco Health Sols., Inc.*, 588 Fed. App'x 34, 35 (2d Cir. 2014) (finding plaintiff physician's concern that further public disclosure of his "personal health information" could "adversely

5

impact his patient base" to be "speculative in nature" and too "vague and far-fetched" to justify anonymity); *Vega v. HSBC Sec. (USA) Inc.*, No. 16-CV-9424 (JGK) (KNF), 2019 WL 2357581, at *1-2 (S.D.N.Y. June 4, 2019) (denying plaintiff's request to proceed under his former legal name—effectively a pseudonym—despite plaintiff's concern that prospective employers might reject him because he filed a complaint against a former employer).

In the absence of stronger privacy interests or better substantiated concerns of collateral harms, I do not find anonymity justified simply because a government entity is named as defendant. *See Sealed Plaintiff*, 537 F.3d at 190 (factor five). The fact that a plaintiff "is suing the government or seeking to challenge a government policy does not, by itself, justify granting a motion to proceed anonymously because doing so 'would lead, inappropriately, to granting anonymity to any plaintiff suing the government to challenge a law or regulation,'" and "override the significant public interest in requiring all of the parties to be named." *Plaintiffs # 1-21 v. Cty. of Suffolk*, 138 F. Supp. 3d 264, 275 (E.D.N.Y. 2015).

Moreover, other factors set out in *Sealed Plaintiff* counsel against permitting plaintiff to proceed pseudonymously. As plaintiff acknowledges, *see* Mot. at 2, this is not a case in which "the plaintiff's identify has thus far been kept confidential," *Sealed Plaintiff*, 537 F.3d at 190 (factor seven), because plaintiff filed this case under his own name, and he let it remain public for over four months before he filed the instant motion. Nor is it a case in which the public interest in disclosure is "atypically weak" because "of the purely legal nature of the issues presented," *ibid.* (factor nine), such that "the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process," *Del Rio*, 241 F.R.D. at 158. And as a general matter, the public's interest in identifying the parties to a proceeding is significant. *See Sealed Plaintiff*, 537 F.3d at 190 (factor eight). "[P]eople have a

6


right to know who is using their courts," *ibid.* (quoting another source), "even in ordinary civil litigation between private parties," *Del Rio*, 241 F.R.D. at 159.  Taking together the factors set out in *Sealed Plaintiff*, the plaintiff has not "rebut[ted] the presumption of disclosure," *Pilcher*, 950 F.3d at 45, as required to justify proceeding pseudonymously in this case.

## CONCLUSION

For the reasons stated above, plaintiff's motion is denied without prejudice.

SO ORDERED.

                                               */s/ Rachel Kovner*
                                             RACHEL P. KOVNER
                                             United States District Judge

Dated: August 4, 2020
       Brooklyn, New York