UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAN-MICHAEL RIVES,

                          Plaintiff,                                  **MEMORANDUM & ORDER**
                                                                                20-CV-621 (RPK) (SMG)

    -against-

SUNY DOWNSTATE COLLEGE OF MEDICINE,
LISA MERLIN, M.D., ANDREW ADLER, M.D.,
ROBIN OVITSH, M.D., JEANNE MACRAE, M.D.,
CARLOS PATO, M.D., JOSEPH MERLINO, M.D.,
JEFFREY PUTMAN, M.D., and SOPHIE
CHRISTOFOROU, M.D.,

                        Defendants.
-------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

       Plaintiff, acting *pro se*, filed this lawsuit in his own name.  *See* Compl. (Dkt. #1).  Several months later, plaintiff filed an *ex parte* motion to proceed under a pseudonym.  *See* Mot. to Proceed Pseudonymously ("Pseudonym Mot.") (Dkt. #7).  In addition, he submitted a proposed amended complaint that revised the case caption with a pseudonym.  That motion was denied because the Court found no exception to the general rule that parties must litigate in their own names.  *See* Pseudonym Denial Order (Dkt. #9).  Plaintiff has now submitted a motion to reconsider the order denying leave to proceed pseudonymously and requested that the new motion be filed under seal.  *See* Mot. to Reconsider (Dkt. #10).  For the reasons that follow, plaintiff's motion to reconsider and request to file that motion under seal are both denied.  If plaintiff wishes to proceed with his amended complaint, he must refile it under his own name.

## BACKGROUND

       On January 31, 2020, plaintiff filed a complaint asserting claims under the Rehabilitation Act of 1973, the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of

1

1964 ("Title VII"), the Fourteenth Amendment, and state common law. *See* Compl. ¶ 11. Plaintiff's proposed amended complaint includes similar claims but replaces the Title VII claim with a claim under Title IX of the Education Amendments Act of 1972 ("Title IX"). *See* Am. Compl. ¶ 5 (Dkt. #8-1). According to plaintiff, he attended SUNY Downstate College of Medicine ("SUNY Downstate") as a medical student from 2014 until he was placed on leave in early 2016 and then denied readmission. Compl. ¶¶ 1, 15, 83, 86. He alleges that the school, along with several faculty members and administrators, unlawfully discriminated against him because he "suffers from ADHD and intermittent depression." *Id.* ¶ 16; *see id.* ¶¶ 2-12. In addition, he alleges that a university official sexually harassed him during a private meeting. *Id.* ¶¶ 69-70; *see* Pseudonym Mot. at 1. Furthermore, plaintiff claims that the university official "stopped advocating" for him after he "rejected [the] sexual advance." Am. Compl. ¶ 153.

More than five months later, plaintiff filed a motion seeking leave to proceed under a pseudonym. Plaintiff argued that he should be permitted to proceed pseudonymously because (1) the case involves details about his "medical history and academic record," (2) the case involves an "allegation of sexual harassment," and (3) identifying him publicly as having sued a medical school could imperil his ability to resume his professional training. *See* Pseudonym Mot. at 1-2.

The Court denied that motion. *See* Pseudonym Denial Order. The Court applied *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008), which sets out a non-exhaustive list of ten factors for courts to consider in determining whether "the plaintiff's interest in anonymity" outweighs "the public interest in disclosure and any prejudice to the defendant." The Court noted that other courts had denied similar motions to proceed pseudonymously in lawsuits involving matters of greater sensitivity than those presented here.

*See* Pseudonym Denial Order at 4-5.  The Court further found that plaintiff's concerns about collateral harms from having his name associated with the lawsuit were speculative.  *See id.* at 5-6.  Nor did other pertinent factors in *Sealed Plaintiff* counsel in favor of allowing plaintiff to proceed pseudonymously.  As such, the Court concluded that plaintiff had failed to "rebut the presumption of disclosure" as required to justify pseudonymous filing.  *Id.* at 6-7 (quoting *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam)).

Plaintiff has filed a motion for reconsideration of the denial to proceed pseudonymously.  He has also requested that the motion for reconsideration be permanently filed under seal.  For the reasons below, the motion for reconsideration and the request to seal are denied.

## DISCUSSION

### I. Motion for Reconsideration

To prevail on a motion for reconsideration, the moving party must present "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The standard for reconsideration is "strict."  *Ibid*.  Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotations omitted).  The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986)).

Here, plaintiff has not presented "controlling decisions or data" that this Court overlooked, *Shrader*, 70 F.3d at 257.  His reconsideration motion principally discusses the

3

*Sealed Plaintiff* factors, arguing that they favor allowing him to proceed pseudonymously. Plaintiff also seeks to distinguish the cases cited in the Pseudonym Denial Order. These arguments merely seek a "second bite at the apple," and therefore do not justify reconsideration, *Analytical Surveys*, 684 F.3d at 52. Plaintiff also argues that evidence regarding the subsequent careers of the plaintiffs in two similar discrimination actions supports his contention that the directors of residency programs will retaliate against him for his lawsuit. Mot. for Reconsideration at 10-11 (discussing plaintiffs in *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178 (2d Cir. 2015) and *Carbone v. SUNY Downstate Med. Ctr.*, No. 17-CV-06275 (E.D.N.Y. filed Oct. 27, 2017)). But "new evidence" justifies reconsideration only when it is "truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012); *see Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 578 (S.D.N.Y. 2015). Here, plaintiff's evidence is not newly available. In any event, plaintiff's description of those litigants' subsequent careers does not establish that those litigants were subjected to retaliation. Accordingly, the motion for reconsideration is denied.

## II. Motion to File Under Seal

Plaintiff also seeks to file the motion for reconsideration under permanent seal. "The public and the press have a 'qualified First Amendment right to . . . access certain judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). These documents include complaints and docket sheets. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (complaints); *Hartford Courant Co.,* 380 F.3d at 93 (docket sheets). Although judicial documents "may be kept under seal if . . . 'higher values' . . . so

demand," *Lugosch*, 435 F.3d at 124, such restrictions require "specific, on the record findings" that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Plaintiff's sealing motion is denied for essentially the reasons that the Court has declined to allow plaintiff to file this lawsuit under a pseudonym. Plaintiff has not shown that sealing of the motion for reconsideration "is essential to preserve higher values." *Ibid.* The motion to reconsider includes information about plaintiff's medical history and an allegation of sexual harassment. But plaintiff's medical history and similar personal details are not especially intimate compared to other ADA, Title VII, and Title IX cases in which parties did proceed in their own names. *See* Pseudonym Denial Order at 4-5 (collecting cases). And to the extent that there are sensitive matters discussed in the motion, they were already made public through the complaint. *See* Compl. Moreover, any suggestion that plaintiff would suffer professional harm from the disclosure of his identity appears speculative on the current record, while courts have commonly held that the "public interest in sexual assault and discrimination is very high." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019). Because plaintiff has not shown that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest," *Lugosch*, 435 F.3d at 120, the motion to seal is denied.

## CONCLUSION

For the reasons above, plaintiff's motion for reconsideration is denied and plaintiff's request to seal the motion to reconsider is also denied. If plaintiff wishes to proceed with his amended complaint, he must refile it under his own name.

SO ORDERED.

                                             */s/ Rachel Kovner*
                                             RACHEL P. KOVNER
                                             United States District Judge

Dated: December 14, 2020
       Brooklyn, New York