RC 7/8/2021 AIH

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York

Re: Rives v. SUNY Downstate College of Medicine, *et al.*
Case No. 1:20-cv-621 (RPK) (LB)

Dear Judge Kovner:

Defendants recently filed a letter with the Court in which they proposed a briefing schedule for their anticipated motion to dismiss. Dkt. #49. I suggest that that letter overstated the extent to which I consented to their proposed schedule.

Although I grant that counsel did inquire with me before writing their letter, the only question they posed was how much time I would need to draft my response to their anticipated motion to dismiss. (Answer: thirty days.) I never understood counsel to be asking for my consent to the schedule they planned to propose to the Court, and I never suggested that I gave such consent.

Notwithstanding that their schedule granted me the time that I would otherwise have requested of the Court, it had the secondary effect of extending the deadline for the defendants' motion to dismiss by thirty-two days, to July 30th. (Prior to Your Honor's most recent Order adopting the proposed schedule, the deadline was June 28th.)[1] It also prolonged by two weeks Defendants' time to file their reply brief. Had they actually asked me to consent to these extensions, I would have refused them, and for the reasons stated in my response to Defendants' first motion for extension. Dkt. #33. Suffice it to say that I am eager to reach the merits of my case.

I shared my concerns with opposing counsel yesterday, but we were unable to amicably resolve our differences. Counsel vigorously maintain that I stipulated to their proposal, and assure me that they will submit to the Court copies of our correspondence to prove it.

Because Defendants did not serve their motion to dismiss by June 28th as required, I submit that they are in default, and I would ask the Court to enter a certificate to that effect. I submit, moreover, that the institutional defendant, SUNY Downstate, has been in default since it failed to respond on May 18th.[2] At the risk of hyper-technical caviling, I note that Counsel's pre-motion letter of May 14th (Dkt. #31) did not request an extension for SUNY Downstate itself;

---

[1] *See* Court's Order of June 25th. Having previously granted counsel an extension to twenty-one days after the last defendant had been properly served, the Court declared that service of that defendant was effected on June 7th, 2021. Counsel were therefore required to respond by June 28th.
[2] *See* "Executed Waiver of Service" (Dkt. ##26-2; 32); Counsel's April 19th letter ¶3 (Dkt. #26).

7004 JFK Boulevard East, Unit 1B, Guttenberg, NJ 07093 • (917) 573-5249 • jan.michael.rives@gmail.com

or for "Defendants" collectively, which it defined to include Downstate; but explicitly for the ten *individual* defendants.[3] In any event, I was never served with that letter.[4]

Finally, because Defendants' proposed briefing schedule was not consensual, I submit that Your Honor should vacate her Order of June 25th and set a new briefing schedule at her discretion.

Respectfully,

Jan-Michael Rives
*Guttenberg, New Jersey*
*July 1st, 2021*

---

[3] Counsel presumably were not counting the John Doe defendant, whom they later identified as Scott Miller.
[4] *See* Individual Practice Rules of Judge Rachel P. Kovner, IV.A.2. ("Service of [the pre-motion conference] letter within the time requirements of Fed. R. Civ. P. 12 or 56 shall constitute timely service of a motion made pursuant to those provisions.")