UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JAN-MICHAEL RIVES,

                                         20-cv-621 (RPK) (LB)

                Plaintiff,

       - against -

SUNY DOWNSTATE COLLEGE OF
MEDICINE, *et al.*,

                Defendants.
----------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS
## <u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

**LETITIA JAMES**
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8663

*Of Counsel:*
Mark E. Klein

Dated:  July 30, 2021

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF THE CASE ...................................................................................................... 2

ARGUMENT .................................................................................................................................. 5

I.      SOVEREIGN IMMUNITY BARS MOST OF PLAINTIFF'S CLAIMS AGAINST
SUNY DOWNSTATE AND THE INDIVIDUAL DEFENDANTS TO THE
EXTENT THEY ARE SUED IN THEIR OFFICIAL CAPACITIES ......................... 5

II.     THE APPLICABLE STATUTES OF LIMITATIONS BAR MOST OF
PLAINTIFF'S CLAIMS ................................................................................................ 6

III.    PLAINTIFF'S CLAIMS UNDER §§ 1981 and 1983 FAIL AS A MATTER OF
LAW AND SHOULD BE DISMISSED .................................................................... 11

       A.  Plaintiff Fails to Plead a Valid Claim for Relief Under § 1981 ........................... 11

       B.  Plaintiff Fails to Plead a Valid Claim for Relief Under § 1983 ........................... 12

           1.  Plaintiff's Procedural Due Process Claim Fails ............................................... 13

           2.  Plaintiff's Substantive Due Process Claim Fails ............................................. 15

           3.  Plaintiff's Equal Protection Claim Fails ......................................................... 16

IV.    THE SAC FAILS TO ALLEGE VALID DISCRIMINATION AND
RETALIATION CLAIMS UNDER ANY OTHER FEDERAL LAW ..................... 17

       A.  Plaintiff's Claims under the Rehabilitation Act and the ADA Fail ..................... 18

       B.  Plaintiff Also Fails to State a Claim for Sexual Harassment Under Title IX ........ 22

V.     THE SAC FAILS TO ALLEGE UNLAWFUL DISCRIMINATION
UNDER STATE OR CITY LAW ............................................................................... 23

       A.  The SAC Does Not State a Claim Against the Individual Defendants
Under the SHRL ................................................................................................... 23

       B.  The SAC Does Not State a Claim Against the Individual Defendants
Under the CHRL ................................................................................................... 25

VI.    PLAINTIFF'S OTHER CLAIMS FAIL TO STATE A CLAIM FOR RELIEF ........ 26

       A.  Plaintiff's Breach of Contract, Breach of the Implied Covenant of Good
Faith and Fair Dealing and Breach of Privacy Claims Fail to State a Claim ........ 26

B.  Plaintiff's Other Common Law Claims Also Fail to State a Claim ...................... 27

CONCLUSION............................................................................................................................ 29

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ajoku v. N.Y.S. O.T.D.A.*,
    No 159104/18, 2020 WL 886160 (Sup. Ct. N.Y. Cty. Feb. 20, 2020) ....................................26

*Albert v. Carovano*,
    851 F.2d 561 (2d Cir. 1988)....................................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................17, 20, 25, 29

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................17, 20, 25

*Berlin v. JetBlue Airways Corp.*,
    436 F. Supp. 3d 550 (E.D.N.Y. 2020) ......................................................................9

*Bishop v. Best Buy Co.*,
    No. 08-cv-8427 (LBS), 2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010), *aff'd*,
    518 Fed. App'x 55 (2d Cir. 2013)...........................................................................17

*Board of Regents of State Colleges v. Roth*,
    408 U.S. 564 (1972).............................................................................................14

*Boddie v. Connecticut*,
    401 U.S. 371 (1971).............................................................................................14

*Brooklyn Union Gas Co. v. Hunter Turbo Corp.*,
    241 A.D.2d 505 (2d Dep't 1997) ...........................................................................10

*C.B. ex rel. Z.G. v. Department of Educ. of City of New York*,
    322 Fed. App'x 20 (2d Cir. 2009)...........................................................................19

*Catlin v. Sobol*,
    93 F.3d 1112 (2d Cir. 1996)..................................................................................14

*Chan v. Donahoe*,
    63 F. Supp. 3d 271 (E.D.N.Y. 2014) ......................................................................21

*Combier-Kapel* v. *Biegelson*,
    242 Fed. App'x 714 (2d Cir. 2007)...........................................................................3

*Cty. of Sacramento v. Lewis*,
    523 U.S. 833 (1998).............................................................................................16

*Dasrath v. Stony Brook Univ. Med. Ctr.*,
    965 F. Supp. 2d 261 (E.D.N.Y. 2013) ....................................................................24

*Davis v. Monroe County Bd. of Educ.*,
    526 U.S. 629 (1999)................................................................................................22

*Dawkins v. Gonyea*,
    646 F. Supp. 2d 594 (S.D.N.Y. 2009)...................................................................17

*DeWitt v. Lieberman*,
    48 F. Supp. 2d 280 (S.D.N.Y.1999)......................................................................24

*Dimps v. N.Y.S. Office of Mental Health*,
    777 F. Supp. 2d 659 (S.D.N.Y. 2011)....................................................................6

*Doe v. Haas*,
    427 F. Supp. 3d 336 (E.D.N.Y. 2019) ..................................................................13

*Dorsainvil v. City of New York*,
    No. 19-cv-02323 (RPK) (SMG), 2020 WL 6482348 (E.D.N.Y. Nov. 4, 2020) ......7

*Dube v. State Univ. of N.Y.*,
    900 F.2d 587 (2d Cir. 1990), *cert. denied sub nom. Wharton v. Dube,* 501 U.S.
    1211 (1991)............................................................................................................5

*Duplan v. City of New York*,
    888 F.3d 612 (2d Cir. 2018)...................................................................................7

*Emengo v. State*,
    2015 N.Y. Slip. Op. 32915(U), (Sup. Ct. N.Y. Cty. 2015), *aff'd,* 143 A.D.3d
    508 (1st Dep't 2016) ............................................................................................26

*Fahs Constr. Grp., Inc. v. Gray*,
    725 F.3d 289 (2d Cir. 2013)...................................................................................7

*Fekete v. County of Chenango*,
    303 Fed. App'x 932 (2d Cir. 2008)......................................................................29

*Fouche v. St. Charles Hosp.*,
    64 F. Supp. 3d 452 (E.D.N.Y. 2014) ...................................................................11

*Fowlkes v. Rodriguez*,
    584 F. Supp. 2d 561 (E.D.N.Y. 2008) ...................................................................7

*Freund v. Cty. of Nassau*,
    15-cv-6180 (LDW), 2017 WL 750480 (E.D.N.Y. Feb. 24, 2017) ........................18

*Gaddy v. Waterfront Comm'n*,
    No. 13-cv-3322 (AT) (HBP), 2014 WL 4739890 (S.D.N.Y. Sept. 19, 2014)........11

*Ganske v. Mensch*,
    480 F. Supp. 3d 542 (S.D.N.Y. 2020)..................................................................28

*Gebser v. Lago Vista Independ. Sch. Dist.*,
    524 U.S. 274 (1998)..............................................................................................22

*Glassman v. Glassman*,
    309 N.Y. 436 (1956) ........................................................................................26

*Glicksman v. N.Y. City Envtl. Control Bd.*,
    No. 01-cv-4048 (LAP), 2008 WL 282124 (S.D.N.Y. Jan. 25, 2008), *aff'd*, 345
    Fed. App'x 688 (2d Cir. 2009) .......................................................................15

*Gomez v. New York City Police Dep't*,
    191 F. Supp. 3d 293 (S.D.N.Y. 2016) .............................................................8

*Goodman v. Port Auth. of New York & New Jersey*,
    850 F. Supp. 3d 363 (S.D.N.Y. 2012) ...........................................................25

*Goonewardena v. New York*,
    475 F. Supp. 2d 310 (S.D.N.Y. 2007) ...........................................................22

*Grullon v. City of New Haven*,
    720 F.3d 133 (2d Cir. 2013) ..........................................................................13

*Haggood v. Rubin & Rothman, LLC*,
    No. 14-cv-34L (SJF) (AKT), 2014 WL 6473527 (E.D.N.Y. Nov. 17, 2014) ........11

*HANAC v. City of N.Y.*,
    101 F.3d 877 (2d Cir. 1996) ..........................................................................15

*Hargrave v. Vermont*,
    340 F.3d 27 (2d Cir. 2003) ............................................................................18

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) ............................................................................17

*Hartnett v. Fielding Graduate Inst.*,
    198 Fed. App'x 89 (2d Cir. 2006) ..................................................................20

*Hedges v. Town of Madison*,
    456 Fed. App'x 22 (2d Cir. 2012) ..................................................................25

*Hill v. Taconic Dev. Disabilities Serv. Off.*,
    283 F. Supp. 2d 955 (S.D.N.Y. 2003), *aff'd*, 82 Fed. App'x 254 (2d Cir. 2003) ........12

*Horton v. Westling*,
    284 F. Supp. 3d 213 (N.D.N.Y. 2018), *aff'd*, 765 Fed. App'x 531 (2d Cir.
    2019) .............................................................................................................15

*Irwin v. City of New York*,
    902 F. Supp. 442 (S.D.N.Y. 1995) ................................................................14

*Jackan v. N.Y. State Dep't of Labor*,
    205 F.3d 562 (2d Cir. 2000), *cert. denied,* 531 U.S. 931 (2000)....................20

*Jett v. Dallas Indep. Sch. Dist.*,
    491 U.S. 701 (1989)......................................................................................12

*Kajoshaj v. N.Y.C. Dep't of Educ.*,
   543 Fed. App'x 11 (2d Cir. 2013)...................................................................................20

*Kassner v. 2nd Avenue Delicatessen Inc.*,
   496 F.3d 229 (2d Cir. 2007).....................................................................................8, 9

*Kirch v. Liberty Media Corp.*,
   449 F.3d 388 (2d Cir. 2006).........................................................................................28

*Kornmann v. City of New York Bus. Integrity Comm'n*,
   467 F. Supp. 3d 54 (E.D.N.Y. 2020) ...........................................................................8

*Kronos, Inc. v. AVX Corp.*,
   81 N.Y.2d 90 (1993) ...................................................................................................10

*Lader v. Delgado*,
   941 F. Supp. 2d 267 (E.D.N.Y. 2013) ........................................................................9

*Laface v. E. Suffolk BOCES*,
   No. 18-cv-1314 (ADS) (AKT), 2020 WL 2489774 (E.D.N.Y. May 14, 2020) ........18

*Lama Holding Co. v. Smith Barney Inc.*,
   88 N.Y.2d 413 (1996) .................................................................................................28

*Leason Ellis LLP* v. *Patent & Trademark Agency LLC*,
   No. 13-cv-2880 (VB), 2014 WL 3887194 (S.D.N.Y. July 2, 2014)............................3

*Lehman XS Tr., Series 2006-GP2 by U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc.*,
   916 F.3d 116 (2d Cir. 2019).........................................................................................8

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015).......................................................................................21

*Lombardi v. Whitman*,
   485 F.3d 73 (2d Cir. 2007).........................................................................................16

*Lowrance v. C.O. S. Achtyl*,
   20 F.3d 529 (2d Cir. 1994).........................................................................................16

*Lyman v. NYS OASAS*,
   928 F. Supp. 2d 509 (N.D.N.Y. 2013) .......................................................................27

*Marino v. City Univ. of N.Y.*,
   18 F. Supp. 3d 320 (E.D.N.Y. 2014) ...........................................................................5

*Matthews v. Malkus*,
   377 F. Supp. 2d 350 (S.D.N.Y. 2005).........................................................................27

*Mazur v. N.Y.C. Dep't of Educ.*,
   53 F. Supp. 3d 618 (S.D.N.Y. 2014), *aff'd*, 621 Fed. App'x 88 (2d Cir. 2015)....................25

*McBride v. BIC Consumer Prods. Mfg. Co., Inc.*,
   583 F.3d 92 (2d Cir. 2009) ................................................................................20

*McHerron v. Burnt Hills - Ballston Lake Cent. Sch. Dist.*,
   778 Fed. App'x 54 (2d Cir. 2019), *cert. denied sub nom. Vosburgh v. Burnt*
   *Hills – Ballston Lake Cent. Sch. Dist.,* 140 S.Ct. 2642 (2020) ...............................15

*Morales v. New York*,
   22 F. Supp. 3d 256 (S.D.N.Y. 2014)...................................................................27

*Morse v. Univ. of Vt.*,
   973 F.2d 122 (2d Cir. 1992)..................................................................................8

*Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*,
   815 F. Supp. 2d 679 (S.D.N.Y. 2011) .................................................................17

*Mtr. of Med. Express Ambulance Corp. v. Kirkland*,
   79 A.D.3d 886 (2d Dep't 2010), *lv. to appeal denied,* 17 N.Y.3d 716 (2011) ...................24

*Mulcahey v. Mulrenan*,
   No. 06-cv-4371 (LBS), 2008 WL 110949 (S.D.N.Y. Jan. 3, 2008), *aff'd*, 328
   Fed. App'x 8 (2d Cir. 2009)...............................................................................15

*Natofsky v. City of New York*,
   921 F.3d 337 (2d Cir. 2019), *cert. denied,* 140 S.Ct. 2668 (2020) ...................................20, 21

*Nguyen v. Milliken*,
   104 F. Supp. 3d 224 (E.D.N.Y. 2015) ...................................................................5

*Okin v. Village of Cornwall-On-Hudson Police Dep't*,
   577 F.3d 415 (2d Cir. 2009)...............................................................................16

*Okoh v. Sullivan*,
   No. 10-cv-2547 (SAS), 2011 WL 672420 (S.D.N.Y. Feb. 24, 2011), *aff'd,* 441
   Fed. App'x 813 (2d Cir. 2011).......................................................................26, 27

*Palmer v. Cook*,
   108 N.Y.S.3d 297 (Sup. Ct. Queens Cty. 2019) .................................................26

*Pani v. Empire Blue Cross Blue Shield*,
   152 F.3d 67 (2d Cir. 1998), *cert. denied*, 525 U.S. 1103 (1999)..............................3

*Papelino v. Albany Coll. of Pharmacy of Union Univ.*,
   633 F.3d 81 (2d Cir. 2011)..................................................................................22

*Parker v. Columbia Pictures Indus.*,
   204 F.3d 326 (2d Cir. 2000)................................................................................18

*Patrowich v. Chemical Bank*,
   63 N.Y.2d 541 (1984) ........................................................................................23

*Penberg v. HealthBridge Mgmt.*,
   823 F. Supp. 2d 166 (E.D.N.Y. 2011) ...................................................21

*Pennhurst State School & Hospital v. Halderman*,
   465 U.S. 89 (1984)...................................................................................5, 6

*Perros v. City of Nassau*,
   238 F. Supp. 3d 395 (E.D.N.Y. 2017) ....................................................18

*Peters v. City of New York*,
   No. 04-cv-9333 (LAK), 2005 WL 387141 (S.D.N.Y. Feb. 16, 2005)....................14

*Press v. State Univ. of New York at Stony Brook*,
   388 F. Supp. 2d 127 (E.D.N.Y. 2005) ....................................................14

*Purcell v. N.Y. Inst. of Tech.-Coll. of Osteopathic Med.*,
   931 F.3d 59 (2d Cir. 2019)......................................................................8, 9

*Rodal v. Anesthesia Group of Onondaga, P.C.*,
   369 F.3d 113 (2d Cir. 2004)....................................................................25

*Roddini v. City Univ. of New York*,
   No. 02-cv-4640 (LAP), 2003 WL 435981 (S.D.N.Y. Feb. 21, 2003) ................5, 12

*Rodriguez v. City of New York*,
   197 F.3d 611 (2d Cir. 1999), *cert. denied,* 531 U.S. 864 (2000)...........................18

*San Antonio Independent Sch. Dist. v. Rodriguez*,
   411 U.S. 1 (1973)....................................................................................14

*Sandler v. Benden*,
   No. 15-cv-1193 (SJF) (AKT), 2016 WL 9944017 (E.D.N.Y. Aug. 19, 2016),
   *aff'd,* 715 Fed. App'x 40 (2d Cir. 2017) ................................................18

*Sheng v. M&T Bank Corp.*,
   848 F.3d 78 (2d Cir. 2017)......................................................................20

*Simpson ex rel. Simpson v. Uniondale Union Free Sch. Dist.*,
   702 F. Supp. 2d 122 (E.D.N.Y. 2010) ....................................................27

*Sira v. Morton*,
   380 F.3d 57 (2d Cir. 2004)........................................................................3

*Smith v. Half Hollow Hills Cent. Sch. Dist.*,
   298 F.3d 168 (2d Cir. 2002)....................................................................16

*Soloviev v. Goldstein*,
   104 F. Supp. 3d 232 (E.D.N.Y. 2015) ..................................................6, 24

*Spiegel v. Schulmann*,
   604 F.3d 72 (2d Cir. 2010)......................................................................18

*Spychalsky v. Sullivan*,
  No. 01-cv-958 (DRH) (ETB), 2003 WL 22071602 (E.D.N.Y. Aug. 29, 2003),
  *aff'd*, 96 Fed. App'x 790 (2d Cir. 2004) ...................................................................18

*Tang v. Visnauskas*,
  847 Fed. App'x 24 (2d Cir. 2021)...............................................................................6, 7

*Techno-Comp, Inc. v. Arcabascio*,
  130 F. Supp. 3d 734 (E.D.N.Y. 2015) .........................................................................10

*Townsend v. Benjamin Enters., Inc.*,
  679 F.3d 41 (2d Cir. 2012)...........................................................................................23

*Tromblee v. New York*,
  No. 19-cv-0638 (LEK) (CFH), 2021 WL 981847 (N.D.N.Y. Mar. 16, 2021) .................25

*Velez v. Levy*,
  401 F.3d 75 (2d Cir. 2005)...........................................................................................14

*Vill. of Willowbrook v. Olech*,
  528 U.S. 562 (2000) ....................................................................................................16

*Villavicencio v. Gure-Perez*,
  56 F. Supp. 3d 178 (E.D.N.Y. 2014) ...........................................................................21

*Weixel v. Bd. of Educ. of City of New York*,
  287 F.3d 138 (2d Cir. 2002).........................................................................................20

*Whaley v. City Univ. of New York*,
  555 F. Supp. 2d 381 (S.D.N.Y. 2008)..........................................................................12

*Whidbee v. Garzarelli Food Specialties, Inc.*,
  223 F.3d 62 (2d Cir. 2000)...........................................................................................12

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ........................................................................................................5

*Zimmerman v. Poly Prep Country Day Sch.*,
  888 F. Supp. 2d 317 (E.D.N.Y. 2012) .........................................................................10

*Zuk v. Onondaga County*,
  471 Fed. App'x 70 (2d Cir. 2012).................................................................................16

## FEDERAL STATUTES

20 U.S.C.
  § 1232g............................................................................................................................27
  § 1400, *et seq.*, ...............................................................................................................4

29 U.S.C.
  § 621...........................................................................................................................18, 19
  § 701, *et seq.*, .........................................................................................................passim

42 U.S.C.
    § 1981.................................................................................................. passim
    § 1983.................................................................................................. passim
    § 12101, *et seq.,* .............................................................................. passim

**STATE STATUTES**

N.Y. Educ. Law
    § 351...........................................................................................................1
    § 352...........................................................................................................1

N.Y. Exec. Law
    § 290.................................................................................................. passim
    § 296(1)....................................................................................................23
    § 296(6).............................................................................................23, 24

**RULES**

Fed. R. Civ. P.
    12(b)(1).....................................................................................................1
    12(b)(6).....................................................................................................1

N.Y. C.P.L.R.
    § 214(2)......................................................................................................8
    § 7804.......................................................................................................15

**LOCAL AUTHORITIES**

N.Y.C. Admin. Code
    § 8-107.............................................................................................. passim
    § 8-107(4)(a)............................................................................................25
    § 8–502(d).................................................................................................8

Defendant State University of New York, s/h/a SUNY Downstate College of Medicine ("SUNY Downstate" or the "College"),[1] and individual defendants Andrew Adler, Riccardo Bianchi, F. Charles Brunicardi, Sophie Christoforou, Jeanne Macrae, Lisa Merlin, Joseph Merlino, Robin Ovitsh, Carlos Pato, Jeffry Putnam and the "John Doe" defendant, Scott Miller[2] (the "Individual Defendants") (collectively, "Defendants") respectfully submit this memorandum of law, as well as the accompanying Declaration of Mark E. Klein ("Klein Decl."), in support of their motion for an order, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), dismissing in its entirety and with prejudice, the second amended complaint ("SAC," ECF No. 17) filed by plaintiff *pro se*, Jan-Michael Rives ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff is a former student at the SUNY Downstate College of Medicine who was dismissed from the program for consistently failing to satisfy its relevant requirements. Despite freely conceding that he did in fact fail to satisfy the requirements at issue, Plaintiff now claims that his dismissal was the result of discrimination and retaliation, and purports to assert claims under a host of federal and State civil rights statutes, as well as several common law claims.

For the reasons set forth below, the SAC should be dismissed in its entirety against all Defendants. As shown in Point I below, sovereign immunity bars most of Plaintiffs' claim against SUNY Downstate and the Individual Defendants to the extent they are sued in their official capacities. As shown in Point II below, almost all of Plaintiff's claims are barred by the applicable statutes of limitations. As shown in Point III below, Plaintiff's claims under §§ 1981 and 1983 (to the extent they are not already barred on sovereign immunity or statute of limitations grounds) are invalid as a matter of law and should be dismissed against all Defendants. As shown in Point IV

---

[1] As a subdivision of SUNY, SUNY Downstate is not a legally-cognizable entity separate from SUNY. *See* N.Y. Educ. Law §§ 351 and 352. Therefore, SUNY is the only appropriate institutional defendant in this action.

[2] By Order dated June 25, 2021, this Court granted Plaintiff's request to amend the caption of this case to identify defendant John Doe as Dr. Scott Miller.

below, Plaintiff fails to state valid discrimination and retaliation claims under any of the other federal statutes he cites.  As shown in Point V below, Plaintiff also fails to state any valid discrimination or retaliation claims under State and City law.  Finally, as shown in Point VI below, Plaintiff fails to state any valid common law claims.

## STATEMENT OF THE CASE[3]

Plaintiff was a student at SUNY Downstate College of Medicine from August 2014 to March 2016.  SAC ¶ 6.  Plaintiff acknowledges that medical school is a rigorous and exacting course of study, and that, while he was a student at SUNY Downstate, "earning even a single Identified Deficiency ('ID') in any of the six competencies results in failure of the entire Unit or Gateway, regardless of performance in other areas and on other exams."  *Id*. ¶ 27.  The SAC recounts numerous instances in which Plaintiff received "IDs" -- including because of unexcused absences -- but the College nonetheless allowed Plaintiff to "remediate" his failure and remain in the school program.  *See, e.g.,* SAC ¶¶ 45-46, 57, 59, 75, 103, 108-09, 111, 112, 129.  Plaintiff nevertheless continued to fail to satisfy the relevant requirements of his program, and was dismissed from the College.  *Id*. ¶ 112.

Plaintiff also acknowledges that, after Plaintiff appealed his dismissal, the Student Appeals Committee issued a decision which *conditionally* granted his appeal.  SAC ¶¶ 128-29.  In its decision, dated April 4, 2016 (the "April 4th Decision"), the Student Appeals Committee conditioned the grant of Plaintiff's appeal on his compliance with seven enumerated requirements, including taking a "medical leave of absence for a period of up to one year, during which time" Plaintiff was required to "complete" the other enumerated conditions, one of which was that

---

[3] The truth of Plaintiff's non-conclusory factual allegations set forth in the SAC is assumed for purposes of this motion only.

Plaintiff "*must* take the [United States Medical Licensing Exam] Step 1 by no later than October 31, 2016. *See* Exhibit A to the Klein Decl. (emphasis added).[4]

Plaintiff acknowledges that, in August 2016, he requested an extension, "to early 2017," of the October 31, 2016 deadline for taking the Step 1 exam. SAC ¶ 135. The Committee agreed to extend the October 31st deadline "to the week of November 21st". *Id*. ¶ 136. On November 22, 2016, however, Plaintiff requested *another* extension, "because [he] was not confident that [he] would pass the exam." *Id*. ¶ 145. Plaintiff further acknowledges that the College "refused to permit another extension," and advised him "that if [he] did not take the exam as scheduled, 'we will have to set up another meeting with the Student Appeals Committee to re-review [his] status and the reasons [he] could not take the exam during the time allotted.'" *Id*. Further, Plaintiff's academic advisor, Dr. Joseph Merlino, with whom Plaintiff spoke the night of November 22, 2016, also advised Plaintiff against postponing the exam, "especially without permission." *See* Exhibit B to Klein Decl.

Despite these multiple warnings, Plaintiff nonetheless *unilaterally* decided not to take the Step 1 exam by the extended date to which the College had previously consented and, instead, without permission, rescheduled the exam. SAC ¶ 148. Following Plaintiff's failure to take the Step 1 exam within "the time allotted" (as extended), the Student Appeals Committee determined that, because of Plaintiff's failure to comply with one of the conditions set out in the April 4th Decision, the College would adhere to its prior decision to dismiss Plaintiff from the program. *Id*. ¶ 157; Klein Decl., Exh. B. Plaintiff thereafter appealed the Committee's determination to Dean

---

[4] The Klein Declaration attaches as exhibits the April 4th Decision, as well as the Student Appeals Committee's subsequent, December 16, 2016 decision and Dean Pato's January 31, 2017 determination declining to overrule that decision and denying Plaintiff's appeal. All three of these documents are incorporated into the SAC by reference and/or are "integral" to Plaintiff's allegations. *See* SAC ¶¶ 129, 156, 157, 162-165. The Court may therefore properly review these documents on this motion to dismiss. *See, e.g.*, *Combier-Kapel* v. *Biegelson*, 242 Fed. App'x 714, 715 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998), *cert. denied* 525 U.S. 1103 (1999); *Leason Ellis LLP* v. *Patent & Trademark Agency LLC*, No. 13-cv-2880 (VB), 2014 WL 3887194, at *2 (S.D.N.Y. July 2, 2014).

Pato (*id*. ¶ 159), who, on January 31, 2017, "declined to overrule the" Committee's determination and denied Plaintiff's appeal.  *Id*. ¶ 164; Klein Decl., Exh. C.

On January 31, 2020 -- exactly three years after Dean Pato denied Plaintiff's appeal -- Plaintiff commenced this lawsuit with the filing of his original complaint (ECF No. 1).  Plaintiff subsequently filed a first amended complaint on January 14, 2021 (ECF No. 15), and thereafter filed the SAC on February 9, 2021 (ECF No. 17).  In the SAC, Plaintiff alleges that, despite the well-documented and objectively reasonable basis to dismiss him from the program as described above, his dismissal was actually the result of disability discrimination and retaliation. Specifically, he alleges that has a cognitive disability, "ADHD,"[5] and that Defendants supposedly discriminated and retaliated against him because of that disability.  *See, e.g.,* SAC ¶¶ 188, 190, 192, 204.

In the SAC, Plaintiff purports to assert discrimination and retaliation claims under Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("SHRL") and the New York City Human Rights Law ("CHRL"); equal protection and due process claims under §§ 1981 and 1983 for alleged violations of the Fourteenth and Fifth Amendments; and New York common law claims for alleged defamation, breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, negligence, and "breach of privacy."  Plaintiff also purports to assert claims for sexual harassment under Title IX of the Education Amendments of 1972 ("Title IX"), the SHRL and CHRL, as well as a common law claim for battery, based on the allegation that defendant Merlino "made a pass at" him.  *See* SAC ¶ 138.  As shown below, all of these claims are without merit and should be dismissed in their entirety, and with prejudice, against all Defendants.

---

[5] Plaintiff solely refers to his alleged disability in the SAC as "ADHD."  Defendants assume that Plaintiff is referring to attention deficit hyperactivity disorder.

**ARGUMENT**

I.   **SOVEREIGN IMMUNITY BARS MOST OF PLAINTIFF'S CLAIMS AGAINST SUNY DOWNSTATE AND THE INDIVIDUAL DEFENDANTS TO THE EXTENT THEY ARE SUED IN THEIR OFFICIAL CAPACITIES.**

The Eleventh Amendment to the United Stated Constitution bars suit in federal court for relief against a State by a private citizen absent the State's consent or an express statutory abrogation of immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 106 (1984).  Further, New York State's Eleventh Amendment immunity extends to the State University of New York system.  *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), *cert. denied sub nom. Wharton v. Dube,* 501 U.S. 1211 (1991).

Here, no valid waiver or abrogation of immunity exists with respect to most of Plaintiff's claims.  In particular, the following claims are barred by the Eleventh Amendment against SUNY Downstate and the Individual Defendants in their official capacities:[6]

(i)      Plaintiff's claims under §§ 42 U.S.C. 1981 and 1983.  *See Dube*, 900 F.2d at 594 ("[I]t is well settled that 42 U.S.C. § 1983 does not constitute an exercise of [Congress's] authority [to abrogate sovereign immunity]."); *Nguyen v. Milliken*, 104 F. Supp. 3d 224, 229 (E.D.N.Y. 2015) ("It is well settled that Congress did not abrogate the States' sovereign immunity by enacting § 1983 and New York has not waived its immunity" with respect to § 1983 claims) (quoting *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014)); *Roddini v. City Univ. of New York*, No. 02-cv-4640 (LAP), 2003 WL 435981, at *4 (S.D.N.Y. Feb. 21, 2003) (barring section 1981 claim on Eleventh Amendment grounds);

---

[6] Plaintiff has inserted in the caption of the SAC the word "individually" after the name of each of the named Individual Defendants.  It thus appears that Plaintiff has only sued the Individual Defendants in their personal capacities.  To the extent, however, that Plaintiff also asserts claims against the Individual Defendants in their official capacities, as shown herein such claims also are invalid and should be dismissed.

(ii)     Plaintiff's claims under the SHRL and CHRL.  *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 244 (E.D.N.Y. 2015) ("New York State has not consented to suit under [NYSHRL or NYCHRL].") (citation omitted); *Dimps v. N.Y.S. Office of Mental Health*, 777 F. Supp. 2d 659, 662 (S.D.N.Y. 2011) ("Because the language of the NYSHRL does not waive sovereign immunity for the State of New York . . . [plaintiff's] NYSHRL Claim must be dismissed."); and

(iii)    Plaintiff's New York state common-law claims for alleged battery, defamation, negligence, tortious interference with contract, breach of contract and breach of the implied covenant of good faith and fair dealing.[7]  *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 119-21; *Soloviev*, 104 F. Supp. 3d at 244 ("the New York State common law claims . . . are barred by the Eleventh Amendment").

In short, under the doctrine of sovereign immunity, all of Plaintiff's claims under §§ 1981 and 1983, the SHRL and CHRL, and New York common law are barred against SUNY Downstate and the Individual Defendants to the extent they are sued in their official capacities.  On this ground alone, all such claims should be dismissed against them.

## II.    THE APPLICABLE STATUTES OF LIMITATIONS BAR MOST OF PLAINTIFF'S CLAIMS.

Plaintiff commenced this action on January 31, 2020 (*see* ECF No. 1), three years to the day after Dean Pato issued, on January 31, 2017, his decision denying Plaintiff's appeal of his dismissal.  *See* Klein Decl., Exh. C.  Thus, in every instance where the applicable statute of limitations is three years or less, each of Plaintiff's claims that accrued *before* January 31, 2017 is time-barred.  These time-barred claims include the following:

(i)     Plaintiff's due process and equal protection claims under § 1983 (*see* SAC ¶¶ 168-185), which are subject to a three-year statute of limitations. *See Tang v. Visnauskas*, 847 Fed.

---

[7] With respect to Plaintiff's claim for "breach of privacy" (SAC ¶ 205), as shown in Point VI.B. below, there is no such claim under New York common law.  In any event, as noted above, all of Plaintiff's common law claims are barred under the Eleventh Amendment.

App'x 24, 27 (2d Cir. 2021) ("The statute of limitations on an Equal Protection claim brought in New York under 42 U.S.C. § 1983 is three years") (quoting *Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013)); *Dorsainvil v. City of New York*, No. 19-cv-02323 (RPK) (SMG), 2020 WL 6482348, at *3 (E.D.N.Y. Nov. 4, 2020) ("In New York, the statute of limitations for claims under Section 1983 is three years from the date on which the claim accrued.") (citing *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018)).

Claims under § 1983 accrue when the plaintiff "knows or has reason to know of the injury which is the basis for his action." *Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 572–73 (E.D.N.Y. 2008) (internal citations omitted). In this case, Plaintiff knew or had reason to know of the injury which is the basis for his §1983 claims when his dismissal from the College became final. *See Tang*, 847 Fed. App'x at 26-27 (holding that, where the plaintiff's due process claim was premised on his allegation that the defendants had failed to comply with DHCR procedures, the plaintiff's "unequal treatment claim accrued when DHCR issued its final decision on January 26, 2016."). Thus, Plaintiff's due process and equal protection claims in this action accrued on January 31, 2017, when Dean Pato issued his decision denying Plaintiff's appeal from his dismissal, which decision was "final." *See* SAC ¶ 164; Klein Decl., Exh. C.

Although Plaintiff's original complaint was filed on January 31, 2020 -- exactly three years after Dean Pato's decision denying Plaintiff's appeal -- Plaintiff's original complaint contained no factual assertions (as opposed to conclusory ones) regarding alleged violations of his due process rights. *See* ECF No. 1 ¶¶ 11, 12, 47. Further, Plaintiff's amended complaint, which, for the first time, included factual allegations relating to Plaintiff's § 1983 claims (*see* ECF No. 15, ¶¶ 159-177), was filed almost a year later, on January 14, 2021 -- long after the three-year statute of limitations with respect to these claims had expired. Because Plaintiff's § 1983 claims in his amended complaint were based on an entirely distinct set of factual allegations, they did *not* relate back to his original complaint. *Tang,* 847 Fed. App'x at 27 (quoting *Lehman XS Tr. Series 2006-*

*GP2 by U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc.*, 916 F.3d 116, 128 (2d Cir. 2019) ("[E]ven where an amended complaint tracks the legal theory of the first complaint, claims that are based on an entirely distinct set of factual allegations will not relate back.") (internal quotation marks omitted)).  In short, Plaintiff's due process and equal protection claims under § 1983 set forth in the SAC do not relate back to his original complaint, and are therefore time-barred.

> (ii)   Plaintiff's claims under the Rehabilitation Act, ADA, SHRL and CHRL, all of which are subject to a three-year statute of limitations. *See Purcell v. N.Y. Inst. of Tech.-Coll. of Osteopathic Med.*, 931 F.3d 59, 63 (2d Cir. 2019) (ADA); *Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992) (Rehabilitation Act); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (SHRL and CHRL claims "are time-barred unless filed within three years of the alleged discriminatory acts."); N.Y. C.P.L.R. § 214(2) (SHRL claims); N.Y.C. Admin. Code § 8–502(d) (CHRL claims)).

Plaintiff's claims under these statutes are premised on his assertions that Defendants discriminated and retaliated against him based on his alleged disability, ADHD.  *See, e.g.*, SAC ¶¶ 188, 192, 194, 204.  Plaintiff's disability discrimination claims largely rest on his allegation that, on "several occasions," he was "flatly denied reasonable accommodation."  *Id.* ¶ 194. "Each failure to accommodate a request for accommodations is a discrete act for statute of limitations purposes."  *Kornmann v. City of New York Bus. Integrity Comm'n*, 467 F. Supp. 3d 54, 61 (E.D.N.Y. 2020) (citing *Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 302 (S.D.N.Y. 2016)).  All of Plaintiff's requests for accommodations alleged in the SAC, as well as any alleged denials, took place before January 31, 2017.  SAC ¶¶ 82, 123, 194-198.

The only claims under these statutes that did *not* accrue *before* January 31, 2017 -- and therefore are not time-barred -- are Plaintiff's claims arising out of Dean Pato's January 31, 2017 final decision denying Plaintiff's appeal of his dismissal.  *See* SAC ¶¶ 157, 159, 164; Klein Decl,

Exhs. B and C.  Thus, all of Plaintiff's *other* claims under the Rehabilitation Act, ADA, SHRL and CHRL are barred by the statute of limitations.

      (iii)     Plaintiff's claims for sexual harassment under Title IX, the SHRL and CHRL, all of which are subject to a three-year statute of limitations. *See Purcell*, 931 F.3d at  65 (applying three-year statute of limitations to Title IX claim); *Kassner*, 496 F.3d at 238 (2d Cir. 2007) (applying three-year statute of limitations to SHRL and CHRL claims).

      Plaintiff's sexual harassment claims are based on the allegation that, at a meeting on August 24, 2016, Dr. Merlino "made a pass" at him (SAC ¶¶ 135, 138).  Plaintiff's sexual harassment claims therefore accrued on August 24, 2016, more than three years before Plaintiff commenced this action.

      (iv)     Plaintiff's claim for battery, which is subject to a one-year statute of limitations. *See Berlin v. JetBlue Airways Corp.*, 436 F. Supp. 3d 550, 565 (E.D.N.Y. 2020).  Plaintiff's claim for "Offensive Battery" against Dr. Merlino (*see* SAC, at 47) appears to be based on the same allegation that Dr. Merlino "made a pass at" Plaintiff at a meeting on August 24, 2016.  Because the statute of limitations for Plaintiff's battery claim began to run on August 24, 2016, it expired more than two years before Plaintiff commenced this action.

      (v)     Plaintiff's claim for defamation, which is subject to a one-year statute of limitations, "which statute accrues upon the first publication of the allegedly defamatory statement." *See Lader v. Delgado*, 941 F. Supp. 2d 267, 272 (E.D.N.Y. 2013).  Plaintiff's defamation claim is based on the allegation that, in connection with Dr. Adler's evaluation of Plaintiff's performance in Unit 1, Dr. Adler "lied" about and "defamed" Plaintiff in a letter to the College's Professionalism Assessment Committee.  SAC ¶¶ 229-230.  Unit 1 began in September 2014 and concluded in October 2014.  *Id*. ¶¶ 35, 38.  Plaintiff's defamation claim thus accrued sometime in late 2014.  The statute of limitations for Plaintiff's defamation claim thus expired more than five years before Plaintiff commenced this action.

(vi)     Plaintiff's claim for negligence, which is subject to a three-year statute of limitations and accrued on the date of Plaintiff's claimed injury.  *See Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 337 (E.D.N.Y. 2012) (citing *Brooklyn Union Gas Co. v. Hunter Turbo Corp.,* 241 A.D.2d 505, 506 (2d Dep't 1997)).  Plaintiff's negligence claim is based on his allegations, among others, that Dr. Adler did not review Plaintiff's "Einstein encounter performance[] with due care"; that defendants Adler, Bianchi, Ovitsh, Macrae, Merlin, Christoforou, Putnam and Merlino "acted with willful disregard for [his] health, finances, career and general well-being"; that these defendants "were negligent in their total disinterest in accommodating [his] disability"; and that these defendants were negligent in making "medical determinations, like that [Plaintiff] would benefit from a one year medical leave of absence, without consulting with [Plaintiff's] own physician."  SAC ¶¶ 233-242.  All of these alleged negligent acts took place long before Dr. Pato issued his January 31, 2017 decision denying Plaintiff's appeal, and thus accrued more than three years before Plaintiff commenced this action.

(vii)     Plaintiff's claim for tortious interference with contract, which is subject to a three-year statute of limitations, and accrued when Plaintiff allegedly sustained his injury.  *See Techno-Comp, Inc. v. Arcabascio*, 130 F. Supp. 3d 734, 742 (E.D.N.Y. 2015) (citing *Kronos, Inc. v. AVX Corp.,* 81 N.Y.2d 90 (1993)).  Plaintiff's tortious interference with contract claim is based on his allegation that SUNY Downstate interfered with his "contract" to take the Step 1 exam, resulting in the cancelation of Plaintiff's "seat" for that exam, which Plaintiff learned about "within hours" after his second meeting with the Student Appeals Committee on December 15, 2016.  SAC ¶¶ 144, 145, 149, 231-232.  Thus, Plaintiff's claim for tortious interference with contract accrued more than three years before Plaintiff commenced this action.

Plaintiff's time-barred claims listed above should be dismissed against SUNY Downstate and the Individual Defendants in both their official and personal capacities.  As a result, the only claims in the SAC that are *not* time-barred are (a) Plaintiff's claim under § 1981; (b) his claims

under the Rehabilitation Act, ADA, SHRL and CHRL arising out of the College's decision to dismiss him from the College, which became final when Dean Pato issued his January 31, 2017 decision; and (c) Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  As shown below in Points IV, V and VI, all of these claims, though not time-barred, also fail as a matter of law, and should therefore be dismissed in their entirety, and with prejudice, against all Defendants.

## III.   PLAINTIFF'S CLAIMS UNDER §§ 1981 and 1983 FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED.

As shown above, Plaintiff's due process and equal protection claims under § 1983 are time-barred and should be dismissed on that basis alone.  However, even if these claims were not time-barred, they, as well as Plaintiff's claim under § 1981, are invalid as a matter of law and, on this independent ground, all such claims should be dismissed in their entirety against SUNY Downstate and the Individual Defendants in both their official and personal capacities.

### A.   Plaintiff Fails to Plead a Valid Claim for Relief Under § 1981.

The SAC contains one fleeting reference to § 1981 (at page 30).  For several reasons, any such claim is invalid as a matter of law and should be dismissed.

First, in order to maintain a cause of action under § 1981, a plaintiff must allege, among other things, (i) that the plaintiff is a member of a racial minority; and (ii) an intent to discriminate on the basis of race by the defendant.  *See, e.g., Fouche v. St. Charles Hosp.*, 64 F. Supp. 3d 452, 456-57 (E.D.N.Y. 2014) (citing *Gaddy v. Waterfront Comm'n,* No. 13-cv-3322 (AT) (HBP), 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014)).  "Essential to an action under Section 1981 are allegations that the defendants' acts were purposefully discriminatory and racially motivated."  *Fouche*, 64 F. Supp. 3d at 457 (quoting *Haggood v. Rubin & Rothman, LLC,* No. 14-cv-34L (SJF) (AKT), 2014 WL 6473527, at *7 (E.D.N.Y. Nov. 17, 2014) (quoting *Albert v. Carovano,* 851 F.2d 561, 571 (2d Cir. 1988)).  In this case, Plaintiff does not assert that he was

discriminated on the basis of his race; rather, he asserts he was discriminated on the basis of his alleged disability.  On this ground alone, Plaintiff's § 1981 claim should be dismissed.

Second, § 1981 provides for causes of action *only* against individuals.  *See, e.g., Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 74-75 (2d Cir. 2000); *Hill v. Taconic Dev. Disabilities Serv. Off.*, 283 F. Supp. 2d 955, 957 (S.D.N.Y. 2003), *aff'd*, 82 Fed. App'x 254 (2d Cir. 2003).  Thus, there can be no § 1981 claim against SUNY Downstate.

Third, where there is a violation of § 1981 by a "state actor," § 1983 provides the "exclusive federal damages remedy."  *Whaley v. City Univ. of New York*, 555 F. Supp. 2d 381, 400 (S.D.N.Y. 2008) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)).  "Moreover, the holding in *Jett* has been interpreted to encompass not only governmental entities but also individuals sued in their individual capacities who are 'state actors.'" *Roddini*, 2003 WL 435981, at *5.  "State employment has generally been deemed sufficient to render the defendant a 'state actor.'" *Id.*

Here, the Individual Defendants were, at all relevant times, SUNY employees, and therefore "state actors."  Thus, "to the extent [Plaintiff] seeks to vindicate any independent rights under 42 U.S.C. § 1981, he must do so via claims under § 1983." *See Whaley*, 555 F. Supp. 2d at 400.  For this additional reason, Plaintiff's § 1981 claim should be dismissed against all Defendants, including the Individual Defendants in their personal capacities.

## B.   Plaintiff Fails to Plead a Valid Claim for Relief Under § 1983.

Plaintiff purports to allege claims under § 1983 for alleged violations of his procedural due process, substantive due process and equal protection rights.[8]  *See* SAC, at pages 30-33.  As set forth above, the Eleventh Amendment bars Plaintiff's § 1983 claims against SUNY Downstate

---

[8] The SAC also includes a one-paragraph section titled "Takings," in which Plaintiff alleges that he had "property interests" in his education, his career and himself, which SUNY Downstate allegedly destroyed, and "thus [he has] lost property in [him]self."  SAC ¶ 186.  These allegations do not appear intended to assert a separate constitutional violation, but rather a predicate for Plaintiff's other purported, but invalid, constitutional claims, as demonstrated herein.  To the extent, however, that Plaintiff is asserting a separate "Takings" claim, it fails, among other reasons, because none of these alleged "property interests" is sufficient to establish a "property right" subject to due process protection, as shown in Point III.B.1. below.

and the Individual Defendants in their official capacities.  As shown below, Plaintiff's § 1983 claims against the Individual Defendants in their individual capacities also fail because the SAC does not satisfy the applicable pleading requirements.

As an initial matter, Plaintiff has failed to plead sufficient facts to establish personal involvement by each of the Individual Defendants, as required under § 1983.  *See, e.g., Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation.").  Indeed, with the exception of Plaintiff's conclusory allegations that Dr. Adler "personally disliked him" and "intentionally and irrationally discriminated" against him in evaluating Plaintiff's "performance in the Einstein encounter in Gateway 1" (SAC ¶¶ 170, 183), the SAC does not identify any of the Individual Defendants' "personal involvement" in the alleged deprivation of Plaintiff's Constitutional rights.  Accordingly, Plaintiff's § 1983 claims against the Individual Defendants should be dismissed in their entirety on this ground alone.

Moreover, as set forth below, Plaintiff fails to satisfy the other pleading requirements applicable to each of his due process and equal protection claims.

### 1.  Plaintiff's Procedural Due Process Claim Fails.

To state a claim for a procedural due process violation, a plaintiff must "first identify a property right, second show that the [government] has deprived him of that right, and third show that the deprivation was effected without due process." *Doe v. Haas*, 427 F. Supp. 3d 336, 348 (E.D.N.Y. 2019) (citations omitted).  Plaintiff cannot satisfy these elements of his due process claim.

As to the first element, Plaintiff alleges that he had "property interests" in his education, his career and himself, which SUNY Downstate allegedly destroyed.  SAC ¶ 186. However, none of these alleged "property interests" is sufficient to establish a "property right" subject to due

process protection.  First, the Supreme Court has expressly held that education is "not among the rights afforded explicit protection under our Federal Constitution."  *San Antonio Independent Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973); *see also Press v. State Univ. of New York at Stony Brook*, 388 F. Supp. 2d 127, 134 (E.D.N.Y. 2005) ("it is well-settled that access to education is not a constitutional or fundamental right") (citing *Catlin v. Sobol,* 93 F.3d 1112, 1120 (2d Cir. 1996)).

Further, "[i]n order to have a property interest that is subject to due process protection, a plaintiff 'must have more than a unilateral expectation of it. [The plaintiff] must, instead, have a legitimate claim of entitlement.'"  *Peters v. City of New York*, No. 04-cv-9333 (LAK), 2005 WL 387141, at *1 (S.D.N.Y. Feb. 16, 2005) (quoting *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972)) (citing *Irwin v. City of New York,* 902 F. Supp. 442, 447 (S.D.N.Y. 1995)). Plaintiff does not, however, properly have a "legitimate claim of entitlement" to a medical career. *See Velez v. Levy*, 401 F.3d 75, 85 (2d Cir. 2005) ("While property interests are constitutionally protected, they are not generally constitutionally *established;* rather, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'  Thus, only where a plaintiff can demonstrate that state law confers 'a legitimate claim of entitlement' to a particular position will a property interest in that position arise.") (emphasis in original) (quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972)*.  Plaintiff does not allege, and cannot demonstrate, that state law confers on him a legitimate claim of entitlement to a medical career.  Plaintiff thus fails to identify any such property right subject to due process protection.

But even if Plaintiff could identify such a property right, he is nonetheless unable to allege facts demonstrating that he was deprived of "an opportunity . . . granted at a meaningful time and in a meaningful manner for [a] hearing appropriate to the nature of the case."  *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) (internal quotations omitted) (alteration in original).

Plaintiff cannot make this showing because he had the opportunity to challenge his alleged due process deprivation in state court, in a proceeding under Article 78 of the New York Civil Practice Law and Rules.

Indeed, the Second Circuit has expressly, and repeatedly, held that (i) a § 1983 procedural due process claim is *not* available where there was an adequate state post-deprivation procedure to remedy an alleged deprivation of due process, and (ii) "an Article 78 proceeding is a perfectly adequate postdeprivation proceeding." *Mulcahey v. Mulrenan*, No. 06-cv-4371 (LBS), 2008 WL 110949, at *7 (S.D.N.Y. Jan. 3, 2008), *aff'd*, 328 Fed. App'x 8 (2d Cir. 2009) (quoting *HANAC v. City of N.Y.*, 101 F.3d 877, 881 (2d Cir. 1996) (other citations omitted)). *See also McHerron v. Burnt Hills - Ballston Lake Cent. Sch. Dist.,* 778 Fed. App'x 54, 55 (2d Cir. 2019), *cert. denied sub nom. Vosburgh v. Burnt Hills – Ballston Lake Cent. Sch. Dist.,* 140 S.Ct. 2642 (2020); *Glicksman v. N.Y. City Envtl. Control Bd.*, No. 01-cv-4048 (LAP), 2008 WL 282124, at *4(S.D.N.Y. Jan. 25, 2008), *aff'd*, 345 Fed. App'x 688 (2d Cir. 2009).

Thus, because Plaintiff had access to an adequate post-deprivation procedure, through an Article 78 proceeding in state court, to redress any alleged violation of his due process rights, on this additional ground Plaintiff's procedural due process claim fails as a matter of law and should be dismissed against all Defendants.

### 2. Plaintiff's Substantive Due Process Claim Fails.

Plaintiff's substantive due process claim is equally lacking. "Generally, to establish a substantive due process violation, a plaintiff must (1) identify the constitutional right at stake and (2) demonstrate that the government's actions were conscience-shocking or arbitrary in the constitutional sense." *Horton v. Westling*, 284 F. Supp. 3d 213, 222-23 (N.D.N.Y. 2018), *aff'd*, 765 Fed. App'x 531 (2d Cir. 2019).

Again, as set forth above, Plaintiff cannot properly identify a constitutional right subject to due process protection. But even if Plaintiff could do so, he cannot satisfy the second element of

a substantive due process claim, which requires that "a plaintiff must demonstrate that the state action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Okin v. Village of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). Stated another way, "[i]n order to shock the conscience and trigger a violation of substantive due process, official conduct must be outrageous and egregious under the circumstances; it must be truly 'brutal and offensive to human dignity . . . .'" *Lombardi v. Whitman*, 485 F.3d 73, 81 (2d Cir. 2007) (citations omitted). State action that is merely "incorrect or ill-advised" is wholly insufficient to satisfy this element. *Lowrance v. C.O. S. Achtyl,* 20 F.3d 529, 537 (2d Cir. 1994) (internal quotation marks and citation omitted). This high burden for asserting a substantive due process claim is necessary "to preserve the constitutional proportions of constitutional claims, lest the Constitution be demoted to . . . a font of tort law." *Smith v. Half Hollow Hills Cent. Sch. Dist*., 298 F.3d 168, 173 (2d Cir. 2002).

Plaintiff alleges that his "dismissal was arbitrary and carried out in bad faith." SAC ¶ 178. Even assuming the accuracy of this and similar allegations, they are nowhere near the kind of state action that is so "outrageous and egregious" and "truly brutal and offensive to human dignity" that it shocks the conscience. Accordingly, Plaintiff's substantive due process claim is invalid as a matter of law and should be dismissed against all Defendants.

### 3. Plaintiff's Equal Protection Claim Fails.

Finally, any claim that Plaintiff was denied equal protection of the laws should be dismissed because Plaintiff has failed to offer facts sufficient to show that he was intentionally treated differently from others who are similarly-situated "in all material respects." *See, e.g., Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (an equal protection plaintiff must demonstrate "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"); *Zuk v. Onondaga County*, 471 Fed. App'x 70,

71 (2d Cir. 2012).  This failure is also fatal to Plaintiff's equal protection claim.  *See Bishop v. Best Buy Co*., No. 08-cv-8427 (LBS), 2010 WL 4159566, at *11-12 (S.D.N.Y. Oct. 13, 2010), *aff'd*, 518 Fed. App'x 55 (2d Cir. 2013); *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 697-98 (S.D.N.Y. 2011).  Accordingly, Plaintiff's equal protection claim should be dismissed against all Defendants.

In short, Plaintiff's procedural due process, substantive due process and equal protection claims under § 1983 are all invalid as a matter of law, and should therefore be dismissed against SUNY Downstate and the Individual Defendants in both their official and personal capacities.

## IV.   THE SAC FAILS TO ALLEGE VALID DISCRIMINATION AND RETALIATION CLAIMS UNDER ANY OTHER FEDERAL LAW.

In compliance with established Supreme Court precedent, courts in this Circuit "apply a 'plausibility standard'" when reviewing the allegations contained in a complaint.  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).  That standard is "guided by two working principles."  *Id*. at 72 (alteration and internal quotation marks omitted).  First, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration omitted)).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss"; this second "working principle" involves "a context-specific" inquiry that "requires the reviewing court to draw on its judicial experience and common sense."  *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted)).

Significantly, "even pro se plaintiffs asserting civil rights claims are not exempt from *Twombly*'s threshold that the pleadings must contain factual allegations sufficient to raise a 'right to relief above the speculative level.'"  *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As shown below, Plaintiff has failed to allege plausible discrimination and retaliation claims under the Rehabilitation Act, the ADA or Title IX.

### A. Plaintiff's Claims under the Rehabilitation Act and the ADA Fail.

As an initial matter, there is no individual liability under either the Rehabilitation Act or the ADA. *Spiegel v. Schulmann,* 604 F.3d 72, 79 (2d Cir. 2010) (no individual liability under the ADA); *Laface v. E. Suffolk BOCES*, No. 18-cv-1314 (ADS) (AKT), 2020 WL 2489774, at *13 (E.D.N.Y. May 14, 2020) ("there is no individual liability under the ADA, the Rehabilitation Act, or the ADEA") (citing *Perros v. City of Nassau*, 238 F. Supp. 3d 395, 402 n.3 (E.D.N.Y. 2017)). Accordingly, Plaintiff's Rehabilitation Act and ADA claims should be dismissed against the Individual Defendants, in both their official and personal capacities.

With respect to Plaintiff's claims against SUNY Downstate, to establish a *prima facie* violation of the Rehabilitation Act, a plaintiff must demonstrate: that he has a disability for purposes of the Rehabilitation Act; that he was 'otherwise qualified' for the benefit that has been denied; that he has been denied the benefits "solely by reason" of his disability; and that the benefit is part of a "program or activity receiving Federal financial assistance." *Sandler v. Benden*, No. 15-cv-1193 (SJF) (AKT), 2016 WL 9944017, *17 (E.D.N.Y. Aug. 19, 2016), *aff'd*, 715 Fed. App'x 40 (2d Cir. 2017); *Freund v. Cty. of Nassau*, 15-cv-6180 (LDW), 2017 WL 750480, at *4 (E.D.N.Y. Feb. 24, 2017) (citing *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)). The elements of an ADA claim are "identical" to those of a Rehabilitation Act claim, *Rodriguez v. City of New York,* 197 F.3d 611, 618 (2d Cir. 1999), *cert. denied,* 531 U.S. 864 (2000), except that under the Rehabilitation Act, the defendant must have discriminated against the plaintiff "solely" because of the plaintiff's disability, whereas under the ADA, the plaintiff's disability must be "a motivating factor" in the discrimination. *Spychalsky v. Sullivan*, No. 01-cv-958 (DRH) (ETB), 2003 WL 22071602, at *6 (E.D.N.Y. Aug. 29, 2003), *aff'd,* 96 Fed. App'x 790 (2d Cir. 2004) (citing *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 337 (2d Cir. 2000)).

Defendants concede that SUNY Downstate receives Federal financial assistance. With respect to Plaintiff's alleged disability based on his ADHD condition, Defendants note that at least one court has dismissed a student's claim that her ADHD and bipolar disorder constituted disabilities under the Individuals with Disabilities in Education Act, finding that the plaintiff had failed to show that these conditions adversely affected her educational performance. *See C.B. ex rel. Z.G. v. Department of Educ. of City of New York*, 322 Fed. App'x 20, 22 (2d Cir. 2009).

But assuming, for purposes of this motion only, that, at the relevant times, Plaintiff was disabled within the meaning of the Rehabilitation Act and ADA, Plaintiff's claims should nevertheless be dismissed because Plaintiff does not plausibly allege the remaining elements of his *prima facie* case. First, Plaintiff cannot plausibly allege that he was "otherwise qualified" to receive the benefit he was allegedly denied. In fact, the allegations of the SAC are to the contrary: Plaintiff concedes that, despite being provided almost seven months of uninterrupted study to prepare for the Step 1 exam, he sought two extensions to take the exam because he "was progressing too slowly to be ready by the deadline" and because he "was not confident that [he] would pass the exam." SAC ¶¶ 134, 145.

Second, the SAC pleads no facts demonstrating causation. Indeed, it cannot reasonably be inferred from the SAC that Plaintiff's disability had *anything* to do with the College's decision to dismiss Plaintiff from the program, much less that it was the sole cause of his dismissal (as required under the Rehabilitation Act) or even a motivating factor (as required under the ADA). As stated above, Plaintiff's own allegations demonstrate that his dismissal resulted solely from his failure to comply with one of the conditions for readmission set forth in the April 4th Decision: to take the Step 1 exam by the (extended) deadline the College had provided. SAC ¶¶ 148, 157. 159; *see also* Klein Exhs. A, B and C. Stated another way, there is an "'obvious alternative explanation'" for the matters alleged in the SAC, one that is much more compelling than Plaintiff's conclusory allegations of discrimination, and for this additional reason, "discrimination is not a plausible

conclusion." *See Iqbal*, 556 U.S. at 682 (quoting *Twombly*, 550 U.S. at 567); *see also Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 Fed. App'x 11, 14-15 (2d Cir. 2013) (following *Iqbal* and "considering 'more likely explanations'" in concluding that allegations did not state plausible claim for relief). In short, Plaintiff fails to plausibly allege disability discrimination under the Rehabilitation Act and the ADA.[9]

   For similar reasons, Plaintiff fails to plausibly allege retaliation claims against SUNY Downstate under the Rehabilitation Act and ADA.  "[T]he elements of a retaliation claim under either [the Rehabilitation Act] or ADA are (i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019), *cert. denied*, 140 S.Ct. 2668 (2020) (quoting *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 148 (2d Cir. 2002) (internal quotations omitted)).

   With respect to the last element, "[a] causal connection in retaliation claims can be shown either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow [students] who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed

---

[9] Plaintiff also repeatedly asserts in the SAC that certain of the Individual Defendants violated the ADA because they "failed to engage in an interactive process."  *See, e.g.*, SAC ¶¶ 57, 198.  The "interactive process" argument is most commonly cited in the context of employment disputes, because the ADA requires that "employers and employees work together to assess whether an employee's disability can be reasonably accommodated." *Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir. 2000) (citations omitted), *cert. denied,* 531 U.S. 931 (2000).  For example, the Second Circuit has held that "an employer, by failing to engage in a sufficient interactive process, risks not discovering a means by which an employee's disability could have been accommodated and thereby increases the chance that it will be found to have violated the ADA." *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 101 (2d Cir. 2009) (citation omitted).  However, "there is no valid independent claim under the ADA for failure to engage in an interactive process." *Sheng v. M&T Bank Corp.*, 848 F.3d 78, 87 (2d Cir. 2017) (citation omitted). Further, Defendants are aware of no court within this Circuit that has held that the "interactive process" requirement applies in the educational context, as in this case. *See Hartnett v. Fielding Graduate Inst.*, 198 Fed. App'x 89, 94 (2d Cir. 2006) (stating that the Second Circuit has yet to determine whether the duty to undertake an interactive process "applies in the educational as opposed to the employment context"). In any event, as shown in Point II above, any claim based on the alleged failure of any of the Individual Defendants to engage in an interactive process with Plaintiff is time-barred.

against the plaintiff by the defendant.'" *Natofsky*, 921 F.3d at 353 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015)).  However, under both the Rehabilitation Act and ADA, a plaintiff must show that the alleged protected activity was the "but-for" cause of the adverse action about which he complains.  *Natofsky*, 921 F.3d at 348, 353.

Plaintiff appears to allege that Defendants retaliated against him because he made critical comments regarding the "new" College curriculum "as part of a mandatory survey."  SAC ¶¶ 199-202.  In fact, Plaintiff alleges that the "LCME accreditors and the named Defendants both read [his] feedback and later retaliated against [him] for it."  *Id*. ¶ 202.  Plaintiff's "feedback" does not, however, satisfy the "protected activity" requirement for a Rehabilitation Act or ADA retaliation claim, because "[t]he term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination . . . ."  *Chan v. Donahoe,* 63 F. Supp. 3d 271, 295 (E.D.N.Y. 2014) (citations omitted); *see also Natofsky*, 921 F.3d at 354.  Although "protected activity" need not involve a "formal" complaint, *see Villavicencio v. Gure-Perez,* 56 F. Supp. 3d 178, 187 (E.D.N.Y. 2014), the formal or informal complaint must put the defendant on notice that the plaintiff believed that discrimination was occurring.  *Penberg v. HealthBridge Mgmt.,* 823 F. Supp. 2d 166, 191 (E.D.N.Y. 2011) (internal citation omitted).  Here, Plaintiff does not even claim that his "feedback" regarding the new College curriculum put the College on notice that he believed he was discriminated against, and, indeed, it did not.  Because Plaintiff's "feedback" does not constitute "protected activity" within the meaning of the Rehabilitation Act or ADA, his retaliation claims fail on this ground alone.

Second, Plaintiff's retaliation claims also fail because Plaintiff does not allege a plausible causal connection between any alleged protected activity and his dismissal.  The SAC contains no allegations of disparaging remarks about Plaintiff's disability, or any other contemporaneous indications of retaliatory animus.  Nor does the SAC allege any "protected activity" followed closely by discriminatory treatment.  Finally, the SAC does not plausibly allege that any supposed

protected activity on Plaintiff's part was the "but-for" cause of the College's decision to dismiss Plaintiff from the program.   To the contrary, as stated above, Plaintiff's own allegations demonstrate that his dismissal resulted from his failure to comply with one of the conditions for readmission set forth in the April 4th Decision:  to take the Step 1 exam by the extended deadline the College had provided.  SAC ¶¶ 148, 157, 159; *see also* Klein Exhs. A, B and C.  In short, Plaintiff's retaliation claims should be dismissed against all Defendants, including the Individual Defendants in their personal capacities.

### B.  Plaintiff Also Fails to State a Claim for Sexual Harassment Under Title IX.

As shown above in Point II above, Plaintiff's sexual harassment claims are time-barred. But even putting aside that insurmountable barrier, Plaintiff's claim under Title IX also suffers from fatal pleading deficiencies.

As an initial matter, Plaintiff's Title IX claim also should be dismissed against the Individual Defendants because individuals are not proper defendants under Title IX. *See, e.g., Goonewardena v. New York*, 475 F. Supp. 2d 310, 330 (S.D.N.Y. 2007).  Moreover, Plaintiff fails to allege a valid claim against SUNY Downstate under Title IX.  For an educational facility to be liable under Title IX, a plaintiff must allege that a school official with "authority to address the alleged discrimination and to institute corrective measures" had "actual knowledge" of the discrimination and failed to adequately respond.  *Gebser v. Lago Vista Independ. Sch. Dist.,* 524 U.S. 274, 290 (1998); *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 89 (2d Cir. 2011).  A school fails to adequately respond if it provides no response, or if its response "amounts to deliberate indifference to discrimination." *Id.*  Stated another way, to constitute a violation of Title IX, the school's response to sex discrimination must be "clearly unreasonable" in light of known circumstances. *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 648 (1999); *Papelino*, 633 F.3d at 89.

The SAC contains none of these required allegations.  It is not surprising that this is so, because, as Plaintiff himself concedes, he "did not report" any alleged "incident of sexual harassment to anyone at the time, as [he] did not want to cause problems for Dr. Merlino, who [he] considered a friend."  *See* ECF No. 1, ¶ 70.  In fact, SUNY Downstate was not aware of any supposed sexual harassment until Plaintiff included allegations regarding this "incident" in his initial complaint, filed on January 31, 2020, more than three years after it allegedly took place.  *Id*. Thus, for these additional reasons, Plaintiff's Title IX claim should be dismissed in all respects against all Defendants.

## V.  THE SAC FAILS TO ALLEGE UNLAWFUL DISCRIMINATION UNDER STATE OR CITY LAW.

As demonstrated in Point I above, Plaintiffs' claims under the SHRL and CHRL against SUNY Downstate and the Individual Defendants in their official capacities are barred under the doctrine of sovereign immunity.  As shown below, the SAC fails to state valid claims under the SHRL and CHRL for disability discrimination or retaliation against the Individual Defendants in their personal capacities and, accordingly, such claims also should be dismissed in their entirety.

### A.  The SAC Does Not State a Claim Against the Individual Defendants Under the SHRL.

Imposition of liability on an individual defendant under the SHRL requires that the individual either be an "employer" within the meaning of the statute, N.Y. Exec. Law § 296(1), or that the individual "aid, abet, incite, compel, or coerce" a discriminatory act, *id*. § 296(6).  Plaintiff cannot establish liability against any of the Individual Defendants under either of these provisions of the SHRL.

First, "[a]n individual qualifies as an 'employer' when that individual has an ownership interest in the relevant organization or the 'power to do more than carry out personnel decisions made by others.'"  *Townsend v. Benjamin Enters., Inc*., 679 F.3d 41, 57 (2d Cir. 2012) (quoting *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 542 (1984) (*per curiam*)).  Because SUNY is a

governmental entity, there is no basis for "ownership" liability against any of the Individual Defendants.

Second, Plaintiff does not allege that any of the Individual Defendants had sufficient independent authority that would satisfy the necessary level of authority for possible SHRL liability under § 296(6) -- *i.e*, "the power to do more than carry out personnel decisions made by others." *See Dasrath v. Stony Brook Univ. Med. Ctr.*, 965 F. Supp. 2d 261, 272 (E.D.N.Y. 2013) (dismissing SHRL claims against individual defendants who did not have "the power to independently carry out personnel decisions regarding [the plaintiff], such as his rate of pay, schedule or termination").

Third, Plaintiff does not allege, and as a matter of law cannot establish, "aider and abettor" liability under the SHRL, because such liability requires "that liability . . . *first* be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor." *DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 293 (S.D.N.Y.1999) (emphasis added; citation omitted). Plaintiff cannot state a claim or establish liability as to the "employer/principal" in this case -- SUNY -- because, as set forth in Point I above, the Eleventh Amendment to the U.S. Constitution bars any claim against the State or schools within the SUNY system. Accordingly, Plaintiff cannot state a claim against any Individual Defendant as an aider and abettor under the SHRL. *See, e.g., Soloviev*, 104 F. Supp. 3d at 253 ("[A]s Plaintiffs . . . cannot state a claim against CUNY under NYSHRL . . . because the claims are barred by the Eleventh Amendment, Plaintiffs also cannot state a claim against the Individual CUNY Defendants in their individual capacities as aiders and abettors."); *Mtr. of Med. Express Ambulance Corp. v. Kirkland*, 79 A.D.3d 886, 888 (2d Dep't 2010) (dismissing SHRL claim against an individual defendant because "there was no cognizable legal basis for holding [the employer] liable thereunder"), *lv. to appeal denied,* 17

N.Y.3d 716 (2011).[10]  In short, Plaintiff is unable to impose liability against any of the Individual Defendants, in any capacity, under the SHRL.

Finally, because claims for disability discrimination arising under the SHRL are governed by the same legal standards as federal ADA claims, *see Rodal v. Anesthesia Group of Onondaga, P.C.,* 369 F.3d 113, 117 n.1 (2d Cir. 2004), Plaintiff must allege facts supporting a minimal inference that Defendants' conduct was motivated by Plaintiff's alleged disability.  As shown above, Plaintiff has failed to meet this burden.  For this additional reason, Plaintiff's SHRL claim should be dismissed in all respects.

### B.    The SAC Does Not State a Claim Against the Individual Defendants Under the CHRL.

Plaintiffs' claims also fail under the CHRL, which prohibits, among other things, denying "accommodations, advantages, facilities or privileges" to an individual because of that individual's actual or perceived disability.  N.Y.C. Admin. Code § 8-107(4)(a).  Although "the Second Circuit requires district courts to separately analyze [CHRL claims] and construe their provisions more liberally than the federal or state law-based claims," "the NYCHRL is not a general civility code, and a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory . . . motives . . . ."  *Mazur v. N.Y.C. Dep't of Educ.*, 53 F. Supp. 3d 618, 640 (S.D.N.Y. 2014) (quotation marks omitted), *aff'd*, 621 Fed. App'x 88 (2d Cir. 2015); *see also Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp. 3d 363, 386 (S.D.N.Y. 2012) ("at a minimum," claims under the CHRL "must meet the standard of pleading set forth in *Twombly* and *Iqbal*, even if pleading a prima facie case is not required.") (quoting *Hedges v. Town of Madison*, 456 Fed. App'x 22, 23 (2d Cir. 2012)).  In other words, conduct is actionable under the CHRL *only* where it is motivated by a protected characteristic.

---

[10] As stated in *Tromblee v. New York*, No. 19-cv-0638 (LEK) (CFH), 2021 WL 981847, at *17 (N.D.N.Y. Mar. 16, 2021), there is "no appellate-level authority addressing the question of whether an employer's sovereign immunity precludes aider-and-abettor liability; and lower courts in this Circuit are split."

As set forth above in Point IV.A. above, the SAC does not contain factual allegations sufficiently linking Plaintiff's disability or his alleged requests for an accommodation with the College's determination to dismiss him from the program. Thus, because Plaintiff has failed to raise a plausible inference that he was discriminated against "because of" a protected characteristic, his CHRL claims also should be dismissed against all Defendants, including the Individual Defendants sued in their personal capacities.

Finally, Plaintiff's CHRL claims also should be dismissed against the Individual Defendants because the State's sovereign immunity "extends as well to officers and agencies of the state engaged in carrying on its governmental functions," *see Glassman v. Glassman*, 309 N.Y. 436, 440 (1956), and the actions of which Plaintiff complains could have only been taken by the Individual Defendants in their capacities as State employees. *Ajoku v. N.Y.S. O.T.D.A.*, No 159104/18, 2020 WL 886160, at *4 (Sup. Ct. N.Y. Cty. Feb. 20, 2020); *Palmer v. Cook*, 108 N.Y.S.3d 297, 385 (Sup. Ct. Queens Cty. 2019); *Emengo v. State*, 2015 N.Y. Slip. Op. 32915(U), at *3 (Sup. Ct. N.Y. Cty. 2015), *aff'd,* 143 A.D.3d 508 (1st Dep't 2016).

Accordingly, Plaintiff's CHRL claims should be dismissed against all Defendants, including the Individual Defendants in their personal capacities.

## VI.   PLAINTIFF'S OTHER CLAIMS FAIL TO STATE A CLAIM FOR RELIEF.

### A.   Plaintiff's Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing and Breach of Privacy Claims Fail to State a Claim.

It is unclear what Plaintiff's breach of contract and the implied covenant of good faith and fair dealing claims are based on. To the extent that Plaintiff's claims are based on his complaints about the College curriculum (*see, e.g.,* SAC ¶¶ 199-200), New York law does not recognize a breach of contract claim where "the essence of the complaint is that the school breached its agreement by failing to provide an effective education" -- *i.e.*, "educational malpractice." *Okoh v. Sullivan*, No. 10-cv-2547 (SAS), 2011 WL 672420, at *4 (S.D.N.Y. Feb. 24, 2011), *aff'd,* 441 Fed. App'x 813 (2d Cir. 2011)

Further, to the extent Plaintiff's claims are based on alleged breaches of the College Student Handbook (*see* SAC ¶¶ 223-228), Plaintiff's common law claims against the College are barred by the Eleventh Amendment and, further, a breach of contract claim cannot survive against any of the Individual Defendants because they were not and are not a party to the Student Handbook. *Okoh*, 2011 WL 672420, at *4 (*"a breach of contract claim cannot survive against individuals who are not party to a contract."*) (citation omitted). For these reasons, Plaintiff's breach of contract and implied covenant of good faith and fair dealing claims fail to state a claim, and should be dismissed in all respects against SUNY Downstate and the Individual Defendants in both their official and personal capacities.

Plaintiff's "breach of privacy" claim also should be dismissed.  First, there is no common law breach of privacy claim under New York law.  *Lyman v. NYS OASAS*, 928 F. Supp. 2d 509, 527 (N.D.N.Y. 2013) (citing *Matthews v. Malkus,* 377 F. Supp. 2d 350, 359 (S.D.N.Y. 2005) (citations omitted)).  Further, although there is a limited statutory right of privacy under New York law, it "only covers the use of one's 'name, portrait, picture, or voice . . . for advertising purposes or for the purposes of trade without the written consent first obtained.'" *Lyman*, 928 F. Supp. 2d at 527 (citations omitted).  Of course, Plaintiff does not, and cannot, allege that his name, voice, or likeness was used by Defendants for any type of advertising or trade purpose. Plaintiff's purported breach of privacy claim is therefore invalid as a matter of law and should be dismissed against all Defendants.[11]

### B.      Plaintiff's Other Common Law Claims Also Fail to State a Claim.

As shown in Point I above, Plaintiff's remaining common law claims -- for tortious interference with contract, negligence, battery and defamation -- are barred by the Eleventh

---

[11] In addition, even if Plaintiff intended to allege a violation of the Federal Education Rights and Privacy Act ("FERPA"), which provides federal funding for educational institutions contingent upon the institutions' compliance with federal mandates regarding student privacy, "[i]t is well-established in the Second Circuit that FERPA itself does not create a private cause of action to enforce its provisions." *Morales v. New York*, 22 F. Supp. 3d 256, 278 (S.D.N.Y. 2014) (citations omitted); *see also Simpson ex rel. Simpson v. Uniondale Union Free Sch. Dist*., 702 F. Supp. 2d 122, 129 (E.D.N.Y. 2010).

Amendment as against SUNY Downstate and the Individual Defendants in their official capacities. And, as shown in Point II above, all of these claims are barred completely against all Defendants by the applicable statutes of limitations. Thus, on these grounds alone, such claims should be dismissed in their entirety. But, in addition, each of these claims fail to state a valid claim for relief.

First, Plaintiff's allegations regarding his common law claims are entirely conclusory and fail to adequately set forth the elements of such claims. Solely by way of example, Plaintiff alleges that Dr. Adler "lied" and "defamed" him (SAC ¶¶ 229-230), but Plaintiff neither identifies the alleged defamatory statement nor a publication to a "third party." *See, e.g., Ganske v. Mensch*, 480 F. Supp. 3d 542, 551 (S.D.N.Y. 2020). Moreover, Plaintiff could not have legitimately made any such allegations, because Dr. Adler's assessment of Plaintiff's performance constituted his "opinion," not a defamatory "statement of fact" (*see Ganske*, 480 F. Supp. 3d at 551-552), and Dr. Adler's communication of his opinion to the College's Professionalism Assessment Committee (SAC ¶¶ 229-230) does not constitute a publication to a "third party." Plaintiff's defamation claim thus fails to state a claim for relief.

Another example of Plaintiff's failure to state a claim is his tortious interference with contract claim. "Under New York law, the elements of tortious interference with contract are (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." *Kirch v. Liberty Media Corp.,* 449 F.3d 388, 401 (2d Cir. 2006) (internal quotation marks omitted) (quoting *Lama Holding Co. v. Smith Barney Inc*., 88 N.Y.2d 413, 424 (1996)).

Plaintiff's tortious interference with contract claim is based on his allegation that SUNY Downstate interfered with Plaintiff's "contract" to take the Step 1 exam, resulting in the cancelation of Plaintiff's "seat" for that exam. SAC ¶ 231. However, Plaintiff simply fails to

sufficiently allege the elements of tortious interference with contract under New York law, and such claim also fails to state a claim for relief.

Finally, Plaintiff's allegations in his common law claims are simply not plausible because, as set forth above, there is "an obvious alternative explanation" for all the conduct at issue in this case -- *i.e.*, Plaintiff's failure to comply with the condition set forth in the April 4th Decision requiring him to take the Step 1 exam by the (extended) deadline the College had provided.  SAC ¶¶ 148, 157. 159; *see also* Klein Decl., Exhs. A, B and C.  This "obvious alternative explanation" is much more compelling than any of Plaintiff's conclusory allegations of misconduct. *See Iqbal*, 556 U.S. at 682.  For these additional reasons, Plaintiff's other common law claims should be dismissed in all respects.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the SAC against all Defendants and in all respects.  Further, because Plaintiff has had three chances to attempt to assert viable claims in this matter, but has failed to do so, Defendants submit that Plaintiff should be denied any further opportunity to amend his complaint. *See Fekete v. County of Chenango*, 303 Fed. App'x 932, 933 (2d Cir. 2008) (upholding dismissal of Section 1983 claim with prejudice because *pro se* plaintiffs were afforded two opportunities to amend their complaint).  Defendants therefore also request that the Court dismiss the SAC with prejudice.

Dated:  New York, New York
      July 30, 2021

                                        **LETITIA JAMES**
                                        Attorney General
                                        State of New York
                                        *Attorney for Defendants*

                            By: * /s/ Mark E. Klein   *
                                   Mark E. Klein
                                   28 Liberty Street
                                   New York, New York 10005
                                   (212) 416-8663