FILED
in the Clerk's Office
U.S. District Court,
EDNY
July 8, 2022
9:53AM
Brooklyn Pro Se Office via
Box.com

The Honorable Rachel Peter Kovner
United States District Judge in the
Eastern District of New York

    Re:   Rives v. SUNY Downstate College of Medicine, *et al*.
           Case № 1:20CV-621 (RPK) (LB)

Dear Judge Kovner:

    One year ago, the defendants in this action moved to dismiss my Second Amended Complaint, in its entirety, with prejudice. They marshalled three arguments in support of the Motion: state sovereign immunity, timeliness, and failure to state a claim. *See* Defs.' Mot. (Dkt. #61). I wrote in response that the first of these must fail because defendants had not met their burden of establishing that the College of Medicine is an arm of the State entitled to share in its immunity. To the second argument, I rejoined that many of my claims *were* in fact brought within their respective limitations periods. Additionally, I called for statutory and equitable tolling of such claims as might otherwise be untimely. *See* Pl.'s Resp. (Dkt. #63).

    Please find annexed hereto a declaration from my psychiatrist in support of the claim that, from January 2017, and for more than two years afterwards, I was disabled within the meaning of New York's general tolling statute, NYCPLR § 208(a), as well as federal common law precepts of equitable tolling. Though this declaration alone might not conclusively establish that tolling applies, it at least renders the proposition plausible enough to defeat the instant motion. Courts in this Circuit have suggested that "when plaintiffs raise an equitable tolling argument, a court must deny a motion to dismiss based on the statute of limitations unless all assertions of the complaint, as read with required liberality, would not permit the plaintiffs to prove that this statute was tolled."[1] The Court ought not, therefore, to dismiss any claims on timeliness grounds at this stage.

---

[1] *In re: S. African Apartheid Litig.*, 617 F.Supp 2nd 228, 287 (SDNY 2009) (quoting *Joblon v. Dean Witter Co.*, 614 F.2nd 677, 682 (9th Cir. 1980)); see also *Brown v. Parkchester S. Condos.*, 287 F.3rd 58, 60-61 (2nd Cir. 2002) (vacating district court dismissal on timeliness grounds, finding that plaintiff had presented sufficient evidence to warrant evidentiary hearing).

Thus there remains only defendants' third argument, *viz.*, that I failed to state any valid claim for relief. While the Court continues to grapple with that aspect of the Motion, I should advise it of two important considerations:

First, Defendants' Exhibits A and B should not be considered in deciding the Motion. Exhibit A has been altered from the version that I was sent, which was still unsigned months after its drafting. The copy presented to the Court purports to be signed by defendant Putman, but the signature (undated) differs markedly from other submissions. *Compare* Defs.' Exhs. A, B. I go so far as to call it a forgery. Exhibit B, for its part, is genuine. But it is also replete with errors of fact, and, more importantly, I made no use of it in drafting my complaint.[2] Thus neither exhibit should be considered.

Second, a recent review of the motion bundle reveals that defendants have breached — apparently intentionally — the Court's rules governing the layout of briefs. Although they were granted an additional five pages for each of their memoranda of law, they were able to keep to these limits only by departing from the standard vertical margin size required by the District and this Court. The body of every page of their Opening and Reply is one inch too long. By my reckoning, this gained them another five pages, over and above the 45 they were actually allotted.

Your Honor had already warned defendants, after they filed an overlong letter, "that no additional *nunc pro tunc* requests for extensions [would] be granted." Order of May 20th, 2021. Had they resorted to the expedient only once, it might have been ascribed to accident or last-minute desperation. But the act thus repeated, and two months apart, evinces guile. The Court would be well justified, therefore, in denying the Motion on the grounds of this breach.

Still, a consideration of the merits may be preferred. In this, it ought not be ignored that defendants have helped themselves to fifty pages in which to lay out their arguments, whereas I have had just half that amount. If the Court is not inclined to deny the Motion

---

[2] This was brought to defendants' notice on more than one occasion. Recalling the Court's admonition to cooperate with Counsel to resolve minor disputes, I offered them the opportunity to correct the error, and indeed any others, before they filed the bundled motion. They declined.

outright, then, with an eye to fairness, I beg leave to file a sur-reply brief, to contain the following:

- Updates – relevant cases not previously discussed, e.g., *Tangreti v. Bachmann*; errata and corrections.
- The true construction and operation of § 208(a); common law principles of equitable tolling based on medical/mental impairment and reasonable fear of retaliation.
- Refutation of some of the sounder-seeming arguments raised in Reply; equivocations and falsehoods exposed; inadmissible statements noted.
- Proposed amendments to the SAC; withdrawal of certain minor claims; necessity *vel non* of a third amended complaint.

I ask for twenty-five pages and four weeks, but will make do with whatever space and time the Court sees fit to grant.

Finally, and with some reluctance, I must ask the Court to consider the possibility of assigning *pro bono* counsel, at least for a limited time or in some limited capacity. Over the past two-and-a-half years, I have reached out to dozens of attorneys, firms, and legal aid groups. Despite my belief in the strength of my case, no one has expressed the slightest interest. I understand that the Court's resources are quite limited in this regard, so that such requests are rarely acceded to. If desired, I can write a short brief in support of my request.

Respectfully submitted,

Jan-Michael Rives
*July 8th, 2022*
*Guttenberg, NJ*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN-MICHAEL RIVES *pro se* <br>                                          Plaintiff, <br> —*versus*— <br> SUNY DOWNSTATE <br> COLLEGE OF MEDICINE *et al*.; <br>                                         Defendants. | CASE Nº 20 CV 621 (RPK) (LB) <br><br> **DECLARATION OF** <br> **ALAN KOUZMANOFF, M.D.** |

Pursuant to 28 USC § 1746, Dr. Alan Kouzmanoff declares as follows:

1.  I am a board-certified psychiatrist, licensed to practice in the state of New York. My license number is 123875.

2.  Mr. Rives has been in treatment with me since June 2010. He became depressed and non-functional after being dismissed from medical school in January 2017. Following his dismissal, he reported isolating himself socially, avoiding family and friends, and being unable to look for work or attend to administrative matters, such as paying bills, filing taxes, or responding to jury duty. He reported rarely leaving his apartment because of a constant fear of being judged by strangers. He took antidepressants during this period, but showed no significant or sustained improvement.

3.  It is my professional opinion that between January 2017 and September 2019, Mr. Rives lacked the capacity to explore his legal rights and the capacity to initiate a legal response to his dismissal. In April 2019, during a session, he expressed a desire to review and record what had taken place so that he could discuss it with a lawyer. His executive functioning continued to be significantly impaired, however, and it was not until starting a new medication in September of 2019 that he was able to achieve a level of remission necessary to begin his legal challenge.

Executed on June 27, 2022.

Alan Kouzmanoff, MD
490 West End Avenue, Suite 1E
New York, NY 10024
Tel: (212) 799-4489