

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

July 14, 2022

**BY ECF**
Honorable Rachel P. Kovner
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Rives v. SUNY Downstate College of Medicine,* No. 20-cv-621 (RPK) (LB)

Dear Judge Kovner:

      This Office represents Defendants in this action. I write in response to Plaintiff's July 8, 2022 letter motion (ECF No. 67), in which Plaintiff (i) requests leave to file a 25-page sur-reply in opposition to Defendants' pending motion to dismiss Plaintiff's Second Amended Complaint ("SAC"), and (ii) purports to submit a declaration from his treating psychiatrist in an effort to defeat Defendants' showing in their motion that the applicable statutes of limitations bar most of Plaintiff's claims in his SAC. For the reasons set forth below, Plaintiff's letter motion should be denied.

**I.**     **Plaintiff's Request to Submit a Sur-Reply Should Be Denied**

      In his letter motion, Plaintiff seeks permission to submit a sur-reply in response to Defendants' pending motion to dismiss, which has been fully-briefed for over eight months. Specifically, Defendants filed their moving papers on July 30, 2021. ECF No. 55. After receiving two extensions, Plaintiff served his opposition papers on September 30, 2021 (ECF No. 63), and Defendants served and filed their reply papers on October 20, 2021 (ECF Nos. 59-66). Now, more than eight months after Defendants' motion to dismiss was fully briefed and submitted, Plaintiff has suddenly decided that he would like to submit a sur-reply. Plaintiff has not even attempted to provide an explanation for this inordinate delay. *See, e.g. Houston Cas. Co. v. Prosight Specialty Ins. Co.*, 462 F. Supp. 3d 443, 449 n. 5 (S.D.N.Y. 2020) (denying as "untimely" plaintiff's request for leave to file a reply made five months after the motion was "fully briefed").

      Moreover, the reason Plaintiff has given for needing a sur-reply -- his allegation that Defendants intentionally violated the Court's page limitations by submitting a memorandum of law with improper margins -- is without merit. While Defendants concede that, upon review, it appears that the margins of their memorandum of law departed slightly from the Court's one-inch requirement, that alteration was entirely inadvertent and Plaintiff's suggestion to the contrary is baseless. Indeed, Defendants twice requested and received extensions of the page limitation from the Court. *See* ECF No. 54 and Court's July 22, 202 Order; ECF No. 58 and Court's October 18, 2021 Order. Thus, if Defendants had needed more pages, they would have simply asked the Court's permission for those additional pages. Plaintiff's request for permission to submit a sur-reply is thus both untimely and baseless, and should be denied.

## II.     The Declaration of Plaintiff's Psychiatrist Should be Rejected

In addition to requesting leave to submit a sur-reply, Plaintiff purports to submit a declaration from his treating psychiatrist, Dr. Alan Kouzmanoff, who asserts that "between January 2017 and September 2019, Mr. Rives lacked the capacity to explore his legal rights and the capacity to initiate a legal response to his dismissal." ECF No. 67, Kouzmanoff Decl. ¶ 3. Plaintiff contends that this constitutes "insanity" under CPLR § 208(a) for tolling purposes and, accordingly, that Defendants' motion to dismiss on statute of limitations grounds should be denied. However, Dr. Kouzmanoff's submission should be rejected for several reasons.

First, as set forth above, any attempt by Plaintiff to submit a sur-reply in connection with Defendants' pending motion to dismiss should be denied as both untimely and without merit. Further, the so-called declaration at issue does not recite that it was made under penalty of perjury. In addition, Plaintiff fails to demonstrate how or why the Court can consider extrinsic evidence such as his psychiatrist's declaration when determining Defendants' motion to dismiss. Plaintiff's submission is thus improper and should be rejected on those grounds alone.

In any event, even if the Court were to take into account the declaration of Plaintiff's psychiatrist, the statements therein are insufficient as a matter of law to toll the applicable statute of limitations under CPLR § 208(a). As numerous courts have recognized, CPLR § 208's toll for insanity is to be "narrowly interpreted" to apply "to individuals who are unable to protect their legal rights because of an over-all inability to function in society." *See, e.g., Bejaoui v. City of New York*, No. 13-cv-5667 (NGG) (RML), 2015 WL 1529633, at *7 (E.D.N.Y. Mar. 31, 2015) (citing *Carmichael v. Hobbs*, 371 Fed. App'x 155, 157 (2d Cir. 2010) (quoting *McCarthy v. Volkswagen of Am., Inc.*, 55 N.Y.2d 543, 548 (1982)); *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 315 (E.D.N.Y. 2008) ("The Court of Appeals has stated that New York's insanity toll should be 'narrowly interpreted' based on its legislative history, which indicates that efforts to substitute the phrase 'mental illness' for 'insanity' were rejected.") (quoting *McCarthy*, 55 N.Y.2d at 548)). Moreover, "[o]nce the defendant demonstrates that the claim facially falls outside the limitations period, the plaintiff, *not* the defendant, bears the burden of proof to show that § 208 is applicable and tolling is appropriate." *Bejaoui*, 2015 WL 1529633, at *8 (emphasis added) (quoting *Washington v. Doe #1*, No. 08-cv-4399 (NGG) (RML), 2011 WL 679919, at *2 (E.D.N.Y. Feb. 16, 2011). Plaintiff entirely fails to satisfy this burden.

As an initial matter, "[d]ifficulty in functioning is not sufficient to establish insanity for purposes of § 208; *rather, the plaintiff must be totally unable to function as a result of a severe and incapacitating disability*." *Bejaoui*, 2015 WL 1529633, at *8 (emphasis added) (quoting *Eng v. Reichardt*, No. 14-cv-1502 (ENV) (LB), 2014 WL 2600321, at *3 (E.D.N.Y. June 9, 2014) (quoting *Washington*, 2011 WL 679919, at *2)). In addition, "[t]o qualify for tolling under C.P.L.R. 208, the plaintiff must also satisfy the 'continuous disability' requirement, which requires a showing that 'the disability of insanity was continuous during the relevant period.'" *Bejaoui*, 2015 WL 1529633, at *8 (quoting *Basher v. Madonna Realty Corp.*, No. 01-cv-5116 (DLI) (WP), 2007 WL 174130, at *3 (E.D.N.Y. Jan. 19, 2007) (adopting report and recommendation) (quoting *Libertelli v. Hoffman-La Roche, Inc.,* 565 F. Supp. 234, 236 (S.D.N.Y. 1983). "Therefore, 'if the plaintiff had a lucid interval of significant duration, preceded and followed by a period of insanity, the toll is lost and not resurrected when a plaintiff relapses into insanity.'" *Bejaoui*, 2015 WL 1529633, at *8 (quoting *Basher*, 2007 WL 174130, at *3).

In this case, the declaration of Plaintiff's psychiatrist, Dr. Kouzmanoff, states that, following Plaintiff's dismissal from medical school in January 2017, "he reported isolating himself socially, avoiding family and friends, and being unable to look for work or attend to administrative matters, such as paying bills, filing taxes, or responding to jury duty. He reported rarely leaving his apartment because of a constant fear of being judged by strangers. He took antidepressants during this period, but showed no significant or sustained improvement." Kouzmanoff Decl. ¶ 2. Dr. Kouzmanoff concludes that "between January 2017 and September 2019, Mr. Rives lacked the capacity to explore his legal rights and the capacity to initiate a legal response to his dismissal." *Id.* ¶ 3.

Dr. Kouzmanoff's declaration is wholly insufficient to satisfy the requirements of CPLR 208(a): *i.e.*, to show that Plaintiff was "*totally unable to function as a result of a severe and incapacitating disability.*" *Bejaoui*, 2015 WL 1529633, at *8 (emphasis added) (quoting *Basher,* 2007 WL 174130, at *3). Indeed, the fact that Plaintiff maintained psychiatric appointments itself demonstrates that he was *not* "totally unable to function." *See de los Santos v. Fingerson*, No. 97-cv-3972 (MBM), 1998 WL 740851, at *5 (S.D.N.Y. Oct. 23, 1998) (denying CPLR § 208 tolling where, among other things, the plaintiff maintained his psychiatric appointments).

In addition, Dr. Kouzmanoff's declaration fails to demonstrate that "the disability of insanity was continuous during the relevant period.'" *Bejaoui*, 2015 WL 1529633, at *8 (quoting *Basher*, 2007 WL 174130, at *3). To the contrary, Dr. Kouzmanoff's declaration itself states that, in April 2019, "during a session, [Plaintiff] expressed a desire to review and record what had taken place so that he could discuss it with a lawyer." Kouzmanoff Decl. ¶ 3. As a result of such "lucidity," any toll under § 208 is "lost and not resurrected" even if Plaintiff "relapse[d] into insanity.'" *Bejaoui*, 2015 WL 1529633, at *8 (quoting *Basher*, 2007 WL 174130, at *3).

For these reasons, even if this Court were to consider Dr. Kouzmanoff's declaration, Plaintiff has failed to meet his burden to demonstrate that CPLR § 208(a) is applicable and that tolling is appropriate. Moreover, Dr. Kouzmanoff's assertion that Plaintiff lacked the capacity to "initiate a legal response to his dismissal" between January 2017 and September 2019 does not explain Plaintiff's more than nine-month delay in submitting his psychiatrist's declaration in opposition to Defendants' motion to dismiss. Accordingly, Plaintiff's untimely assertion that the applicable statutes of limitations were tolled under CPLR § 208(a) because he allegedly "lacked the capacity to explore his legal rights and the capacity to initiate a legal response to his dismissal" should be denied in all respects.

Finally, even if the Court were to accept Plaintiff's argument that his condition satisfied the definition of "insanity" under CPLR § 208(a), any resulting toll would not render timely Plaintiff's claims for battery, defamation and negligence, and such claims should still be dismissed on statute of limitations grounds. *See* ECF No. 61, at 9-10. Moreover, any tolling argument based on CPLR § 208(a) is irrelevant to Defendants' showing that (i) Plaintiff failed to plead valid claims under §§ 1981 and 1983 (ECF No. 61, at 11-17); (ii) Plaintiff failed to plead valid discrimination or retaliation claims under any other federal law (ECF No. 61, at 17-21); (iii) Plaintiff failed to plead valid discrimination or retaliation claims under any State or City law (ECF No. 61, at 23-26); and (iv) Plaintiff failed to plead any valid common law claims (ECF No. 61, at 26-29).

Accordingly, for all of these reasons, Plaintiff's letter motion should be denied.

>                    Respectfully submitted,
>
>                    */s/ Mark E. Klein*
>
>                    Mark E. Klein
>                    Assistant Attorney General
>                    (212) 416-8663

cc: Jan-Michael Rives (by email)