**FILED
in the Clerk's Office
U.S. District Court, EDNY
July 29, 2022 @ 9:10 PM
Brooklyn
Pro Se Office via Box.com**

The Honorable Rachel Peter Kovner
United States District Judge
Eastern District of New York

    Re:   Rives v. SUNY Downstate College of Medicine, *et al.*
           Case № 1:20CV-621 (RPK) (LB)

Dear Judge Kovner:

    Responding to my recent filing, defendants contend that my psychiatrist's sworn declaration to this Court (*see* Kouzmanoff Decl., Dkt. #67), which supports arguments for statutory and equitable tolling, should not be considered.

    First, defendants protest that the declaration was not made under penalty of perjury. The scurrilous implication that Dr. Kouzmanoff would, like a child with his fingers crossed behind his back, knowingly lie to the Court because he had not promised to be truthful, deserves no response. Let it satisfy defendants to know that an affidavit executed under 28 USC § 1746 is one made under penalty of perjury.

    Second, defendants suggest that the declaration, being extrinsic evidence, cannot be considered on the pending motion. The argument is not without some color, as courts generally may not, in resolving a motion to dismiss, look to matters outside the four corners of the complaint, except by converting the motion into one for summary judgment. That said, it is well established that, under the relaxed standards to which *pro se* litigants are to be held, courts may look to a plaintiff's opposition papers and affidavits without forcing conversion.

    But perhaps there is no need to consider the declaration just yet. To defeat an argument from timeliness at the motion-to-dismiss stage, a plaintiff does not have to firmly establish that the statute was tolled; he has only to plausibly allege it. Dr. Kouzmanoff's declaration simply affirms, with the weight of professional opinion and personal knowledge, what I already alleged in the Second

Amended Complaint.¹ If such allegations are to be credited, as they must be on a motion to dismiss, it may well be unnecessary to consider the declaration to resolve the motion.

Returning to what prompted my request to file a sur-reply, I cannot be alone in raising an eyebrow at counsel's explanation for their breach of the Court's (and the District's) margin requirements. It takes fourteen separate clicks—some of them quite fiddly—to shrink the top and bottom margins of a Word document by half an inch. Counsel say the alteration in their "memorandum" was "entirely inadvertent." Like the serpent in the garden, then, they seek to beguile this Court with subtleties of speech, using the singular in place of the plural. It was not their *memorandum*, but their *memoranda* of law that broke the rules. They did it twice, beat-for-beat.

I have every confidence that Your Honor sees through the equivocations and artifices that have long plagued these proceedings, and I have every hope that she will soon hand down her just decision, mooting my request to file a sur-reply.

Yours sincerely,

*[signature]*

Jan-Michael Rives
*Guttenberg, NJ*
*July 28th, 2022*

---

¹ SAC (Dkt. #17) ¶166 ("I developed agoraphobia and a profoundly debilitating depression, not leaving my apartment for months at a time. I did not speak to my family or friends for months at a time."); *see also* Pl.'s Opp. Br. (Dkt. #63) at 24 ("I contend that the mental injuries I sustained as a result of the defendants' misconduct left me incapable of functioning in society, or of recognizing my injury, my rights, and the legal remedies available to me.").