

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

October 19, 2022

**BY ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Rives v. SUNY Downstate College of Medicine, et al.*;
            Case No. 20-cv-621 (RPK) (LB)

Dear Judge Kovner:

      I write on behalf of Defendants in opposition to Plaintiff *pro se*'s letter motion for reconsideration (ECF No. 73) of the Court's September 30, 2022 Memorandum and Order (ECF No. 72). In his letter motion, Plaintiff asserts that the Court erred in ruling that principles of sovereign immunity under the Eleventh Amendment bar Plaintiff's claims under Section 1983 and state law against SUNY Downstate College of Medicine (*see* ECF No. 72, at 1, 8). However, as shown below, the Court's decision was eminently correct and Plaintiff's assertions to the contrary are legally baseless. Accordingly, Plaintiff's motion for reconsideration should be denied.

      "Reconsideration of a previous Opinion of the Court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *In re Application of Furstenberg Fin. SAS*, 334 F. Supp. 3d 616, 618 (S.D.N.Y. 2018) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011)0, *aff'd*, 785 Fed. App'x 882, 885 (2d Cir. 2019)). "To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Doe v. N.Y.C. Dept. of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). Significantly, "[a] motion for reconsideration is not a proper tool for a party dissatisfied with the court's ruling to merely relitigate issues previously determined by the court or reargue the same points that were previously raised and rejected." *Gustavia Home, LLC v. Rice*, No. 16-cv-2353 (BMC), 2017 WL 3669007, at *1 (E.D.N.Y. July 12, 2017). Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in

other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff has failed to satisfy these requirements.

Indeed, Plaintiff fails to cite *any* legal or factual matters that could alter the Court's decision that SUNY Downstate College of Medicine is entitled to Eleventh Amendment immunity. Rather, Plaintiff merely asserts that he is suing the College of Medicine and *not* Downstate Medical Center, and that the Court improperly either "conflated" SUNY Downstate Medical Center and the College of Medicine or "equated them *sub silentio*." *See* ECF No. 73, at 1. According to Plaintiff, this is problematic because, although SUNY Downstate Medical Center has Eleventh Amendment immunity, SUNY Downstate College of Medicine "*probably*" is not entitled to such immunity. ECF No. 73, at 3 (emphasis added.) Plaintiff, however, already made this argument in opposition to Defendants' motion to dismiss. *See* ECF No. 63, at 1-2. Thus, Plaintiff is improperly attempting to use his motion for reconsideration to relitigate a point he previously argued and this Court rejected. Plaintiff's motion for reconsideration should be denied for that reason alone.

Moreover, Plaintiff has not cited, and cannot cite, any authority for the proposition that the College of Medicine is a separate legal entity and, even if it were, that it is not a part of the state university system entitled to Eleventh Amendment immunity. And, indeed, New York Education Law and court decisions are to the contrary.

First, New York State Education Law § 352(3) provides as follows:

> The state university shall consist of the four university centers at Albany, Binghamton, Buffalo and Stony Brook, the designated colleges of arts and sciences at Brockport, Buffalo, Cortland, Fredonia, Geneseo, New Paltz, Old Westbury, Oneonta, Oswego, Plattsburgh, Potsdam and Purchase, empire state college, the agricultural and technical colleges at Alfred, Canton, Cobleskill, Delhi, Farmingdale and Morrisville, *downstate medical center*, upstate medical center, the college of optometry, the college of environmental science and forestry, maritime college, the college of technology at Utica/Rome, the statutory or contract colleges at Cornell university and Alfred university, and such additional universities, colleges and other institutions, facilities and research centers as have been or hereafter may be acquired, established, operated or contracted to be operated for the state by the state university trustees.

(Emphasis added.)

Education Law § 352(3) thus makes no reference whatsoever to the "College of Medicine"; instead, it only refers to "downstate medical center." As a result, there is no basis in the Education Law for Plaintiff's contention that the College of Medicine is a separate legal entity subject to suit. Nor does the Education Law support any contention that the College of Medicine, whether or not

it is a separate legal entity (and it is not), is not a state entity entitled to Eleventh Amendment immunity.

Second, the decisional law provides no support for Plaintiff's contention that the Court erred in ruling that the institutional defendant in this case, whether it is referred to as the College of Medicine or SUNY Downstate, is entitled to Eleventh Amendment immunity. First, Plaintiff cites *McDougal v. State Univ. of N.Y. Downstate Med. Ctr.*, 12-cv-2018 (ILG) (MDG), 2013 WL 1437616 (E.D.N.Y. Apr. 9, 2013), which Plaintiff characterizes as a case where the court "found no basis" for the assertion that SUNY was the only appropriate institutional defendant in the action. *McDougal*, however, has no relevance to this case. At issue in *McDougal* was whether the Court had subject matter jurisdiction over the named defendant where the defendant contended that the plaintiff had incorrectly named that defendant and had failed to sue a necessary party. *Id*. at *1. The Court ruled it had subject matter jurisdiction because the plaintiff had sued the "same hospital" -- "Long Island College Hospital/Downstate" -- "in both his second SDHR complaint and this action." *Id*. at *3. Not only does *McDougal* have nothing to do with the status of the College of Medicine, but that case did not raise, and had nothing to do with, Eleventh Amendment principles.[1]

In contrast with the inapposite decisions in *McDougal* and *Leitner*, numerous courts have ruled that SUNY Downstate College of Medicine, by whatever name it is sued, is a state entity entitled to Eleventh Amendment immunity. *See, e.g., Wright v. State Univ. of N.Y. Health Science Center at Brooklyn*, No. 89-cv-4541 (KMW), 1990 WL 213062, at *1 (S.D.N.Y. Dec. 19, 1990) ("Accordingly, the court holds that the Eleventh Amendment bars plaintiff's suit *against the medical school because it is an entity of the state*.") (emphasis added); *see also Garcia v. S.U.N.Y. Health Sciences. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Harrison v. SUNY Downstate Med. Ctr.*, 16-cv-1101 (RRM) (CLP), 2018 WL 4055278, at *6-7 (E.D.N.Y. July 6, 2018), *report and recommendation adopted*, 2018 WL 4054868 (Aug. 24, 2018).

It is thus evident that the Court's decision for which Plaintiff seeks reconsideration -- namely, that the Eleventh Amendment bars Plaintiff's claims under Section 1983 and state law against SUNY Downstate College of Medicine -- was entirely correct. Defendants therefore respectfully request that Plaintiff's motion for reconsideration be denied in all respects.

---

[1] Plaintiff also cites to *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130 (2d Cir. 2015). However, as Defendants argued in their reply brief in support of their motion to dismiss (ECF No. 64, at 1-2), *Leitner* involved a SUNY community college (779 F.3d at 132), and the *Leitner* court itself recognized the distinction between SUNY community colleges and other SUNY entities, like SUNY Downstate, stating that, although the Second Circuit had "held that SUNY itself is entitled to sovereign immunity because it is 'an integral part of the government of the State,' we have yet to decide whether sovereign immunity extends to SUNY's community colleges." *Id*. at 136 (quoting *Dube v. State Univ. of N.Y*, 900 F.2d 587, 594 (2d Cir. 1990), *cert. denied sub nom*. *Wharton v. Dube,* 501 U.S. 1211 (1991)). *Leitner* thus also has no relevance to this case.

Respectfully submitted,

*/s/ Mark E. Klein*
Mark E. Klein
Assistant Attorney General
(212) 416-8663

cc: Jan-Michael Rives (by electronic mail).