UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAN-MICHAEL RIVES,

                Plaintiff,              **MEMORANDUM AND ORDER**
                                                                          20-CV-621 (RPK) (LB)
      v.

SUNY DOWNSTATE COLLEGE OF
MEDICINE, LISA MERLIN, ANDREW
ADLER, ROBIN OVITSH, JEANNE
MACRAE, CARLOS PATO, JOSEPH
MERLINO, JEFFREY PUTMAN,
SOPHIE CHRISTOFOROU, RICCARDO
BIANCHI, F. CHARLES BRUNICARDI,
and SCOTT MILLER,

                Defendants.
----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Jan-Michael Rives moves for reconsideration of this Court's September 30, 2022 order granting in part defendants' motion to dismiss. *See* Dkt. #72. Plaintiff contends that this Court erred in dismissing, based on sovereign immunity, certain claims against SUNY Downstate College of Medicine and any of its officers sued in their official capacities. *See* Mot. for Reconsideration 1 (Dkt. #73). He argues that even if SUNY Downstate *Medical Center* possesses sovereign immunity, SUNY Downstate *College of Medicine* does not. *Id.* at 2-3.

      Plaintiff's motion is denied. A motion for reconsideration "should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Accordingly, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

1

court overlooked." *Sacerdote v. New York University*, 9 F.4th 95, 118 n.94 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022).

Plaintiff has not done so here. He points to no controlling authority supporting the conclusion that SUNY Downstate College of Medicine lacks sovereign immunity. And indeed, the Second Circuit has indicated otherwise, by holding in *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn,* 280 F.3d 98 (2d Cir. 2001), that the Eleventh Amendment barred a former medical student's claim for damages based upon the refusal of SUNY Health Science Center at Brooklyn to readmit the plaintiff on the terms he desired. *Id.* at 107. SUNY Health Science Center at Brooklyn appears to be simply another name for SUNY Downstate College of Medicine. *See Pemrick v. Stracher*, No. 92-CV-959 (CLP), 2007 WL 1876504, at *1 n.1 (E.D.N.Y. June 28, 2007) (observing that "SUNY's Health Science Center at Brooklyn" is "also known as 'SUNY Downstate,' and 'SUNY Brooklyn'"); *Martinez v. Queens County Dist. Att'y*, No. 12-CV-6262 (RRM) (RER), 2014 WL 1011054, at *11 (E.D.N.Y. Mar. 17, 2014) (describing *Garcia* as "dismissing Section 1983 claims *asserted against SUNY Downstate* as barred by the Eleventh Amendment") (emphasis added). Because plaintiff has not met the stringent standard for reconsideration, his motion is denied.

## CONCLUSION

Plaintiff's motion for reconsideration is denied.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: Brooklyn, New York
October __, 2022