UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JAN-MICHAEL RIVES,

        Plaintiff,

    -against-

SUNY DOWNSTATE COLLEGE OF               No. 20-CV-00621-RPK-LB
MEDICINE, et al.,

        Defendants.

---------------------------------------------------------X


**DEFENDANTS' REPLY MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**


                  LETITIA JAMES
                  Attorney General
                  State of New York
                  <u>Attorney for Defendants</u>
                  28 Liberty Street
                  New York, New York 10005
                  (212) 416-6211


EVA L. DIETZ
Assistant Attorney General
  <u>of</u> <u>Counsel</u>

**TABLE OF CONTENTS**

**Page (s)**

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ........................................................................................................................ 1

    I.      PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM.......... 2

          A.   Plaintiff Fails To Plead Personal Involvement ...................................................... 2

          B.   Plaintiff Fails To Plead Intent .............................................................................. 3

          C.   Plaintiff Fails To Plead The Elements Of A Procedural Due Process Claim ....... 4

    II.     PLAINTIFF FAILS TO STATE A TAKINGS CLAUSE CLAIM............................. 7

CONCLUSION..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Allen v. Cuomo,
  100 F.3d 253 (2d Cir. 1996)..................................................................................................9

Ashcroft v. Iqbal,
  556 U.S. 662 (2009).........................................................................................................1, 2

Attallah v. N.Y. College of Osteopathic Medicine,
  643 Fed. Appx. 7 (2d Cir. 2016)...........................................................................................7

Bamba v. U.S. Dept. of Homeland Security,
  2012 WL 3020034 (S.D.N.Y. July 24, 2012) .......................................................................8

Bd. of Curators of Univ. of Mo. v. Horowitz,
  435 U.S. 78 (1978)................................................................................................................5

Bell Atl. Corp. v. Twombly,
  500 U.S. 544 (2007)..............................................................................................................1

Branum v. Clark,
  927 F.2d 698 (2d Cir. 1991)..............................................................................................4, 5

D.S. v. City of Peekskill,
  581 Fed. Appx. 65 (2d Cir. 2014).........................................................................................3

Daniels v. Williams,
  474 U.S. 327 (1986)..............................................................................................................3

Dean v. Univ. at Buffalo Sch. of Med. & Biomed. Sciences,
  804 F.3d 178 (2d Cir. 2015)...............................................................................................5, 6

Doherty v. Bice,
  2020 WL 5548790 (S.D.N.Y. Sept. 16, 2020).....................................................................4

Farid v. Ellen,
  593 F.3d 233 (2d Cir. 2010)..................................................................................................2

Gold v. Feinberg,
  101 F.3d 796 (2d Cir. 1996)..................................................................................................3

Grullon v. City of New Haven,
  720 F.3d 133 (2d Cir. 2013)..................................................................................................2

Hellenic Am. Neighborhood Action Comm v. City of New York,
    101 F.3d 877 (2d Cir. 1996)..................................................................................7

Islam v. Melisa,
    2020 WL 1452463 (E.D.N.Y. Mar. 24, 2020) ......................................................4

Mosseri v. Fed. Deposit Ins. Corp.,
    1999 WL 694289 (S.D.N.Y. Sept. 8, 1999)...........................................................8

Mulcahey v. Mulrenan,
    2008 WL 110949 (S.D.N.Y. Jan. 3, 2008) ............................................................7

Palazzolo v. Rhode Island,
    533 U.S. 606 (2001)...............................................................................................8

Papelino v. Albany Coll. of Pharmacy of Union Univ.,
    633 F.3d 81 (2d Cir. 2011).....................................................................................5

Proctor v. LeClaire,
    846 F.3d 597 (2d Cir. 2017)...................................................................................4

Regents of Univ. of Mich. v. Ewing,
    474 U.S. 214 (1985)...............................................................................................5

Ruckelshaus v. Monsanto Co.,
    467 U.S. 986 (1984)...............................................................................................9

Shannon v. Jacobowitz,
    394 F.3d 90 (2d Cir. 2005).....................................................................................3

Singleton v. DeMarco,
    2011 WL 2532928 (E.D.N.Y. June 22, 2011) ......................................................2

Wantanabe Realty Corp. v. City of New York,
    159 Fed. Appx. 235 (2d Cir. 2005).......................................................................3

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend.
    X..............................................................................................................................8
    XIV .........................................................................................................................5

**FEDERAL STATUTES**

42 U.S.C. § 1983.......................................................................................... passim

iv

**STATE STATUTES**

N.Y. Educ. Law

§ 351.............................................................................................................................1

§ 352.............................................................................................................................1

**RULES**

C.P.L.R. 7801.................................................................................................................7

Defendants the State University of New York ("SUNY"),[1] Andrew Adler, Riccardo Bianchi, F. Charles Brunicardi, Sophie Christoforou, Jeanne Macrae, Lisa Merlin, Joseph Merlino, Robin Ovitsh, Carlos Pato, Jeffry Putnam and the "John Doe" defendant, Scott Miller[2] (collectively, the "Individual Defendants" and together with SUNY, the "Defendants"), submit this reply memorandum in opposition to Plaintiff's response to the Court's Order to Show Cause.

## PRELIMINARY STATEMENT

On September 30, 2022, the Court issued a Memorandum and Order (ECF No. 72) dismissing most of Plaintiff's claims in this case, deferring decision on the remainder of Defendants' motion to dismiss the Second Amended Complaint ("SAC"), and ordering Plaintiff "to show cause why his Section 1983 claims against [the] individual defendants for procedural-due-process and Takings-Clause violations should not be dismissed for failure to state a claim." Plaintiff's response to the Order to Show Cause, filed on December 13, 2022 (ECF No. 81) fails to show that he states a claim under either cause of action against any of the Individual Defendants. Accordingly, for the reasons described herein, both his procedural due process and Takings Clause claims should be dismissed.[3]

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 500 U.S. 544, 570 (2007)). In turn, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[1] Named defendant "SUNY Downstate College of Medicine" is not a legally cognizable entity separate from SUNY. *See* N.Y. Educ. Law §§ 351-352. Therefore, SUNY is the appropriate institutional defendant in this action.

[2] By Order dated June 25, 2021, the Court granted Plaintiff's request to amend the caption of this case to identify defendant John Doe as Dr. Scott Miller.

[3] To the extent they have not already been dismissed, Plaintiff's remaining claims should be dismissed for the reasons set forth in Defendants' motion to dismiss the SAC (ECF Nos. 61, 64).

the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. As described below, Plaintiff's procedural due process and Takings Clause claims fall far short of these standards.

## I.  PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM

Plaintiff fails to state any procedural due process claim under Section 1983 for several independent reasons, all of which – taken together or separately – should result in the dismissal of his claim as against all of the Individual Defendants.

### A.  Plaintiff Fails To Plead Personal Involvement

"'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Singleton v. DeMarco, 2011 WL 2532928, at *2 (E.D.N.Y. June 22, 2011) (quoting Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010)). Thus, to state a Section 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013) ("[I]n order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show…the defendant's personal involvement in the alleged constitutional deprivation.").

Plaintiff's procedural due process claim entirely fails to satisfy this personal involvement requirement.  Indeed, the SAC does not allege any facts to even suggest that any of the Individual Defendants were "personally involved" in an alleged deprivation of Plaintiff's procedural due process rights. Plaintiff's procedural due process claim should be dismissed on this ground alone as against all the Individual Defendants. See Singleton, 2011 WL 2532928, at *2 ("A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a

defendant fails as a matter of law.").

      B.  <u>Plaintiff Fails To Plead Intent</u>

"[A]lthough Section 1983 has no intent requirement, a Section 1983 plaintiff must still allege an underlying constitutional violation. And some constitutional violations – like a violation of the Due Process Clause – do require intent." <u>D.S. v. City of Peekskill</u>, 581 Fed. Appx. 65, 67 (2d Cir. 2014). Specifically, "[i]n order to show a violation of procedural due process rights, a plaintiff must show an intent more culpable than mere negligence." <u>Wantanabe Realty Corp. v. City of New York</u>, 159 Fed. Appx. 235, 237 (2d Cir. 2005); <u>see also</u> <u>City of Peekskill</u>, 581 Fed. Appx. at 67 ("'More than negligent conduct by the state actor is needed in order for a cognizable § 1983 claim to exist based on violations of the due process clause.'") (quoting <u>Gold v. Feinberg</u>, 101 F.3d 796, 800 (2d Cir. 1996)). As a result, "to survive a motion to dismiss, [Plaintiff] must plausibly allege that defendants violated his constitutional rights *intentionally* – not just negligently." <u>City of Peekskill</u>, 581 Fed. Appx. at 66 (emphasis in original); <u>see also</u> <u>Shannon v. Jacobowitz</u>, 394 F.3d 90, 94 (2d Cir. 2005) (noting that the Supreme Court, in <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986), "clearly articulated that a finding of intentional conduct was a prerequisite for a due process claim").

Plaintiff's procedural due process claim entirely fails to satisfy this intent requirement. Indeed, the SAC does not allege any facts to even suggest that any of the Individual Defendants "intentionally violated" Plaintiff's procedural due process rights. Plaintiff's procedural due process claim should be dismissed on this ground alone as against all the Individual Defendants. <u>See</u> <u>City of Peekskill</u>, 581 Fed. Appx. at 66 (affirming dismissal of procedural due process claim because "[t]he only allegations in the complaint are either insufficient to demonstrate intent (even if accepted as true), or are conclusory allegations not entitled to the presumption of truth").

C.  Plaintiff Fails To Plead The Elements Of A Procedural Due Process Claim

In order to "state a procedural due process claim, Plaintiff must show '(1) that Defendants deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process.'" Doherty v. Bice, 2020 WL 5548790, at \*4 (S.D.N.Y. Sept. 16, 2020) (quoting Proctor v. LeClaire, 846 F.3d 597, 608 (2d Cir. 2017)). With respect to the first element, this Court has stated that "[P]laintiff appears to have adequately pleaded that he was deprived of a protected property interest" because "New York law recognizes an implied contract between a college or university and its students requiring the academic institution to act in good faith in its dealing with its students" and "[t]hat right is a property interest that receives constitutional protections." See ECF No. 72 at 11-12 (citations omitted).

While the implied contract between a college and its students may indeed constitute a property interest, this interest only supports a procedural due process claim when the plaintiff's allegations are sufficient to create an inference that the actions at issue were motivated by bad faith or ill will rather than academic performance. Doherty, 2020 WL 5548790, at \*4 (dismissing procedural due process claim based on implied contract between college and student because "the Amended Complaint is devoid of any allegations that Defendants acted in bad faith or with ill will, nor does it contain any allegations from which that inference may be fairly drawn. Accordingly, Plaintiff has not alleged sufficient facts to support a constitutionally protected property interest."); Islam v. Melisa, 2020 WL 1452463, at \*12 n. 8 (E.D.N.Y. Mar. 24, 2020) (dismissal of procedural due process claim based on implied contract between college and student "'is improper where the contention is that the institution's action was motivated by bad faith or ill will unrelated to academic performance.' This claim would also fail, however, as Islam's allegations raise no inference that 'bad faith or ill will' played a role in CUNY's dealings with him") (quoting Branum

4

v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Absent such allegations of nonacademic motivation, "the courts may not second-guess an educational institution's academic judgments." Branum, 927 F.2d at 705 (citing Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 225-28 (1985)); see also Dean v. Univ. at Buffalo Sch. of Med. & Biomed. Sciences, 804 F.3d 178, 191-92 (2d Cir. 2015) (academic "dismissals are 'not readily adapted to the procedural tools of judicial or administrative decisionmaking'" because "'[a] graduate or professional school is, after all, the best judge of its students' academic performance and their ability to master the required curriculum'") (quoting Bd. of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 90, 85 n.2 (1978)); Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d 81, 94 (2d Cir. 2011) ("[C]ourts must show the utmost restraint in intervening in controversies involving a student's academic qualifications, for the decisions surrounding the issuance of academic credentials must be left to the sound judgment of the professional educators who monitor the progress of their students on a regular basis.") (citations omitted).

Here, as noted above, Plaintiff fails to adequately allege that the Individual Defendants acted with the requisite intent, much less with "bad faith or ill will unrelated to academic performance." To the contrary, the factual allegations in the SAC affirmatively demonstrate that Plaintiff's dismissal from medical school was an academic judgment based on his poor academic performance. In any event, even assuming that a property interest exists in this case, Plaintiff fails to satisfy the second element of a procedural due process claim because he was not dismissed from medical school without "constitutionally sufficient process." As this Court has noted, "in the context of an academic dismissal a student is afforded the procedural process required by the Fourteenth Amendment where (1) the school has fully informed the student of the faculty's dissatisfaction with the student's progress and the danger that this posed to timely graduation and

continued enrollment, and (2) the ultimate decision to dismiss the student was careful and deliberate." See ECF No. 72 at 12 (citations omitted).  Despite Plaintiff's protestations to the contrary, the SAC affirmatively demonstrates that SUNY satisfied both requirements here.

First, the Court has already determined that, per the allegations in the SAC, "[i]f plaintiff failed the Step 1 exam, the letter setting out his conditions for readmission explained, he would not be readmitted."  See ECF No. 72 at 4. This was constitutionally sufficient notice for purposes of Plaintiff's procedural due process claim. See Dean, 804 F.3d at 193 ("As Dean was thereby made aware that he faced termination from UBMED if he did not sit and pass Step 1 by this extended deadline, he received the requisite notice of the school's concern with his performance and the corresponding risk of dismissal."). Second, the Court has also determined that, per the allegations in the SAC, Plaintiff was permitted to reschedule the Step 1 exam and then, when he failed to take the exam on the extended date (after his request to reschedule the exam a second time was denied), dismissed from medical school for failing to satisfy the requirements of his readmission. See ECF No. 72 at 5-6. This constitutes a "careful and deliberate decision" for purposes of Plaintiff's procedural due process claim. See Dean, 804 F.3d at 193 ("[I]n considering Dean's several requests for leave, reviewing the medical documentation he submitted, and in subsequently setting (and postponing) the deadline for Dean's third attempt at the Step 1 exam, Defendants made a 'careful and deliberate' decision that Dean be dismissed should he fail to comply with UBMED's requirement that he complete Step 1 of the USMLE by July 28, 2007."). Finally, the Court has already determined that, per the allegations in the SAC, Plaintiff was permitted to appeal his dismissal from medical school and seek reinstatement. See ECF No. 72 at 4-6. This is more process than the procedural due process clause requires. See Dean, 804 F.3d at

193 ("[T]hrough the opportunity to appeal his termination and to seek reinstatement Dean was provided more process than required for an academic dismissal.").

Finally, Plaintiff cannot "plausibly claim the deprivation of a protected interest without due process of law because an adequate post-deprivation remedy in the form of an Article 78 proceeding was available under state law." Attallah v. N.Y. College of Osteopathic Medicine, 643 Fed. Appx. 7, 9-10 (2d Cir. 2016) (affirming dismissal of procedural due process challenge to student's expulsion). Plaintiff's procedural due process claim fails on that additional basis. See Mulcahey v. Mulrenan, 2008 WL 110949, at *7 (S.D.N.Y. Jan. 3, 2008) ("[P]laintiff's due process claims could only go forward if New York did not provide an adequate postdeprivation remedy. This is simply not the case. The Second Circuit has repeatedly held that 'an Article 78 proceeding is a perfectly adequate postdeprivation proceeding.'") (quoting Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996)); see also Hellenic Am. Neighborhood, 101 F.3d at 882 ("[T]here *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty.") (emphasis in original).

For all of these reasons, Plaintiff fails to state a procedural due process claim under Section 1983 as against any of the Individual Defendants.

## II. PLAINTIFF FAILS TO STATE A TAKINGS CLAUSE CLAIM

As set forth in Section I(A) above, Plaintiff has failed to satisfy the personal involvement requirement applicable to all Section 1983 claims. His Taking Clause claim, which is also brought against the Individual Defendants under Section 1983, should be dismissed on that basis alone. Moreover, as shown below, Plaintiff likewise fails to satisfy the elements of a Taking Clause claim.

"The Fifth Amendment prohibits the government from 'taking private property for public use without just compensation.'" <u>Bamba v. U.S. Dept. of Homeland Security</u>, 2012 WL 3020034, at *2 (S.D.N.Y. July 24, 2012) (quoting <u>Palazzolo v. Rhode Island</u>, 533 U.S. 606, 617 (2001)). Yet Plaintiff's "complaint does not allege that his private property was taken for public use." <u>Id.</u> This is a fundamental flaw because "[t]he property interests protected by the Takings Clause…are narrower in scope than those protected by procedural due process, and do not include entitlements." <u>Id.</u> Thus, the fact that the implied contract between a college and its students may be subject to procedural due process protection under certain circumstances does not mean that it is subject to Takings Clause protection as well. <u>Id.</u> (finding no Takings Clause protection for a property interest in public employment even though "[t]he Supreme Court has, under certain circumstances, recognized a property interest in public employment as an entitlement subject to procedural due process protection"); <u>see also</u> <u>Mosseri v. Fed. Deposit Ins. Corp.</u>, 1999 WL 694289, at *17 n.10 (S.D.N.Y. Sept. 8, 1999) ("Such statutorily conferred benefits may rise to the level of 'property interests' so as to disallow their removal without due process, but they do not create indefeasible property rights for purposes of the Takings Clause."). Thus, Plaintiff's Takings Clause claim fails because he does not identify any authority for the proposition that the implied contract between a college and its students is a property interest protected by the Takings Clause. <u>See</u> <u>Bamba</u>, 2012 WL 3020034, at *2 (dismissing Takings Clause claim because plaintiff "fails to identify authority for the proposition that a federal employee has a property interest in his job subject to Takings Clause protection").

In any event, even assuming that a protected property interest exists in this case, Plaintiff fails to plead any Takings Clause violation.  "The Supreme Court has set out the factors to be considered in determining whether a governmental action has gone 'beyond regulation and effects

a taking.' They include 'the character of the governmental action, its economic impact, and its interference with reasonable investment-backed expectations.'" <u>Allen v. Cuomo</u>, 100 F.3d 253, 262 (2d Cir. 1996) (quoting <u>Ruckelshaus v. Monsanto Co.</u>, 467 U.S. 986, 1005 (1984)). "The purpose of the investment-backed expectation requirement is to limit recovery to owners who could demonstrate that they bought their property in reliance on a state of affairs that did not include the challenged regulatory regime." <u>Id.</u> (citations omitted).

Plaintiff does not fall into this category. The Court has already determined that, per the allegations in the SAC, SUNY's 2015-16 Student Handbook stated that the school may dismiss students for, <u>inter alia</u>, deficiency in more than one Unit and/or Gateway. <u>See</u> ECF No. 72 at 3, 13. Plaintiff was therefore well aware that failing more than one Unit or Gateway could lead to his dismissal from medical school. Moreover, the Court has noted that the implied contract between a college and its students "is subject to terms contained in the university's bulletins, circulars, and regulations made available to the student" and, as a result, "[s]tudents are required to satisfy the terms of the implied contract by complying with the University's procedures." <u>Id.</u> at 12-13 (citations omitted). The Court has already determined that, per the allegations in the SAC, Plaintiff failed a Unit and two Gateways. <u>Id.</u> at 13. Thus, Plaintiff breached his obligations under the implied contract with SUNY, and cannot now use that breached contract to attempt to state a claim under the Takings Clause.

For all of these reasons, Plaintiff fails to state a Takings Clause claim under Section 1983 as against any of the Individual Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's procedural due process and Takings Clause claims.  Defendants further request that, to the extent

9

they have not already been dismissed, the Court dismiss Plaintiff's remaining claims for the

reasons set forth in their motion to dismiss the SAC.


Dated:  December 20, 2022
        New York, New York

                                        Respectfully submitted,

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York
                                        Attorney for Defendants

                                        By: /s/ *Eva L. Dietz*
                                        Eva L. Dietz
                                        Assistant Attorney General
                                        28 Liberty Street
                                        New York, New York 10005
                                        Tel.: (212) 416-6211