

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

December 22, 2022

**By ECF**
The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Rives v. SUNY Downstate College of Medicine, et al., No. 20-cv-00621

Dear Judge Bloom:

This Office represents Defendants in the above-referenced action. I write in opposition to Plaintiff's motion to compel a Rule 26(f) conference, as well as to request a stay of discovery pending the resolution of Defendants' fully-briefed motion to dismiss the Second Amended Complaint ("SAC"), which, if granted in full, will obviate the need for discovery altogether.

Defendants' motion to dismiss the SAC was fully briefed on October 20, 2021. See ECF Nos. 59-66. On September 30, 2022, Judge Kovner issued a Memorandum and Order dismissing most of Plaintiff's claims, deferring decision on the remainder of Defendants' motion to dismiss, and ordering Plaintiff to show cause "why his Section 1983 claims against the individual defendants for procedural-due-process and Takings-Clause violations should not be dismissed for failure to state a claim on the grounds set out in this order." See ECF No. 72. Plaintiff filed his response to the Order to Show Cause on December 13, 2022, and Defendants filed their reply on December 20, 2022. See ECF Nos. 81-82. Thus, the supplemental briefing requested by Judge Kovner is now complete and Defendants' motion to dismiss is once again fully-submitted.

Despite the fact that a decision on the remainder of Defendants' fully-briefed motion to dismiss appears to be forthcoming, on December 21, 2022, Plaintiff served Defendants with a letter motion to compel a Rule 26(f) discovery conference (attached hereto as Exhibit A). Plaintiff's letter motion correctly notes Defendants' wish to defer discovery "until their pending motion to dismiss has been fully decided," but gives no reason whatsoever why discovery should nevertheless proceed before the motion is resolved. Accordingly, Defendants must now ask Your Honor to impose a stay of discovery pending the resolution of their motion to dismiss, and to deny Plaintiff's motion to compel.

"Under Federal Rule of Civil Procedure 26(c), a court has discretion to stay discovery 'for good cause.'" Boelter v. Hearst Communs., Inc., 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016). In turn, "'[g]ood cause may be shown where a party has filed a dispositive motion, the

stay is for a short period of time, and the opposing party will not be prejudiced by the stay.'" Id. (quoting Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).

With respect to the first factor, "courts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law." Johnson v. N.Y. Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citations omitted, collecting cases). Defendants' motion to dismiss, which provides multiple, well-grounded bases for eliminating Plaintiff's claims, clearly satisfies this standard. See, e.g., Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (staying discovery pending disposition of motion to dismiss where defendant "has put forth in its motion multiple, independent arguments for dismissal and the motion appears not to be unfounded in the law") (citation omitted); Spencer Trask, 206 F.R.D. at 368 (staying discovery pending disposition of motion to dismiss where "defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit"); Port Dock & Stone Corp. v. Oldcaster Ne., Inc., 2006 WL 897996, at *2 (E.D.N.Y. Mar. 31, 2006) (staying discovery during pendency of motion to dismiss where "the defendants raise substantial issues with regard to the viability of plaintiffs' complaint…and defendants' arguments do not appear to be frivolous or unfounded"). Indeed, a dispositive motion that implicates the court's subject matter jurisdiction, like the one filed by Defendants, provides particularly good cause for a stay of discovery because it is "the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction." Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 75 (S.D.N.Y. 2013).

The other relevant factors also support the imposition of a stay of discovery in this case. With respect to the length of the requested stay, it is well-established that "a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'" Spinelli v. Nat'l Football League, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (quoting Spencer Trask, 206 F.R.D. at 368) (quoting Rivera v. Heyman, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)). Further, "staying discovery would not unfairly prejudice Plaintiff as the motion[] to dismiss already [has] been filed and, thus, any stay would last briefly." HAHA Global, Inc. v. Barclays, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (citation omitted). Given that Plaintiff initiated this action nearly three years ago, he cannot credibly argue that he will suffer any prejudice from a brief stay of discovery pending the resolution of Defendants' fully-submitted motion to dismiss. See Spencer Trask, 206 F.R.D. at 368 ("[T]he Court intends to decide the motion [to dismiss] expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby."); Spinelli, 2015 WL 7302266, at *2 ("At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice."); Integrated Sys. & Power, 2009 WL 2777076, at *1 (finding that a stay of discovery pending the resolution of defendant's filed, but not yet fully-briefed, motion to dismiss "will likely delay the commencement of discovery for only a few months" and, as a result, "[t]he short stay requested by Defendant will therefore not prejudice the Plaintiff to any degree"). Indeed, Plaintiff's motion to compel does not even explain why he wants to start discovery now at all, much less demonstrate any prejudice from a brief stay.

Defendants, on the other hand, would be prejudiced absent a stay because their discovery efforts will be entirely wasted in the event that their motion to dismiss is granted in full and Plaintiff's claims are dismissed. See Rivera, 1997 WL 86394, at *1 ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants."); Johnson, 205 F.R.D. at 434 ("[B]ecause the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery, defendant's request for a stay of discovery is granted, until resolution of the motion to dismiss."); Spencer Trask, 206 F.R.D. at 368 (granting stay because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources").

Moreover, given that Defendants are a State university and its employees, this potential waste of resources is particularly problematic because it will be borne not only by Defendants themselves, but by the public at large. See Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (granting stay pending resolution of motion to dismiss because "[s]everal of the defendants are municipal entities who provide public services in the areas of public education and civil service employment. Compliance with discovery in the posture of this case would result in a substantial diversion of public resources which may not be ultimately necessary in this action."). Indeed, "the public also has a significant interest in reducing the costs of the litigation borne by the State defendants as well as an interest in protecting public officials from groundless litigation as it discourages these officials from vigorously and fearlessly performing their duties, thus distorting the proper functioning of the legal system and disserving the broader public interest." Nat. Rifle Assoc. of Am. v. Cuomo, 2020 WL 7338588, at *5-6 (N.D.N.Y. Dec. 14, 2020) (staying discovery where "the additional efforts and funds that will need to be poured into additional discovery will be largely for naught if the pending motions to dismiss are granted") (citation omitted); see also United States v. County of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) ("[I]t is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention from municipal business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event that Nassau County's motion to dismiss is ultimately granted. The interests of fairness, economy and efficiency therefore favor the issuance of a stay of discovery at this time.").

In sum, there is ample "good cause" for a stay of discovery pending the resolution of Defendants' fully-briefed motion to dismiss because the viability of Plaintiff's claims is unresolved, the imposition of a brief stay would not unfairly prejudice Plaintiff, and the absence of a stay would impose an undue burden on Defendants and the public. Accordingly, Defendants respectfully request that the Court enter a stay of discovery in this case, and deny Plaintiff's motion to compel a Rule 26(f) conference. Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ *Eva L. Dietz*
Eva L. Dietz
Assistant Attorney General
212-416-6211

cc: Plaintiff pro se (via email)