

**STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

November 1, 2023

**BY ECF**
Honorable Rachel P. Kovner
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Rives v. SUNY Downstate College of Medicine,* No. 20-cv-00621

Dear Judge Kovner:

This Office represents Defendants in the above-referenced matter. I write in opposition to Plaintiff's letter purporting to provide support for his latest request that the Court reconsider its years-old denial of his motion to proceed via pseudonym.[1] For the reasons described below, Plaintiff's request for reconsideration should be denied.

### I. Relevant Procedural History

As the Court is aware, Plaintiff initiated this action using his own name nearly four years ago, on January 31, 2020. *See* ECF No. 1. Several months later, Plaintiff filed an *ex parte* motion to proceed via pseudonym. *See* ECF No. 7. On August 4, 2020, the Court issued a Memorandum & Order denying Plaintiff's motion and directing him to proceed under his own name. *See* ECF No. 9. Plaintiff moved for reconsideration on October 23, 2020, *see* ECF No. 10, which the Court denied on December 14, 2020. *See* ECF No. 11. Plaintiff again moved for reconsideration and requested a hearing on December 16-18, 2020, *see* ECF Nos. 12-13, both of which were denied by the Court. On December 28, 2020, Plaintiff filed yet another letter contesting the Court's decisions regarding his motions for reconsideration. *See* ECF No. 14.

Two-and-a-half years later, on June 9, 2023, Plaintiff filed a letter asking the Court to set a briefing schedule on a proposed renewed motion to proceed anonymously, indicating that he intended to rely on his prior briefing and "a few new arguments and data." *See* ECF No. 90. While Defendants took no position on Plaintiff's original motion, which was made and resolved before they had even been served, Defendants objected to Plaintiff's attempt to relitigate an issue that was decided years ago as a waste of time and resources. *See* ECF No. 92.

---

[1] Pursuant to the Court's Docket Order of October 23, 2023, Plaintiff's letter was due on October 25, 2023 (and Defendants' response is due today, November 1, 2023). Although it has not yet appeared on the docket, Plaintiff emailed his letter to Defendants' counsel on October 26, 2023 at 11:44 p.m.

On June 26, 2023, the Court ordered that "Plaintiff may file, by 7/10/2023, a letter setting out in detail the new arguments and data that he believes entitle him to anonymity under the factors set out in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). The letter should also address why a request to proceed anonymously that comes more than three years into litigation is appropriate given the *Sealed Plaintiff* factor directing Courts to consider 'whether the plaintiff's identity has thus far been kept confidential.' 537 F.3d at 190."

Plaintiff failed to comply with that deadline. Instead, four months after the deadline had passed, Plaintiff sought an extension of time until October 25, 2023, *see* ECF No. 96, which the Court granted. Plaintiff again failed to abide by the Court's deadline, and instead emailed his letter to Defendants' counsel at close to midnight on October 26, 2023.

II.  Plaintiff's Letter Does Not Support His Request For Reconsideration

"The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 286 (S.D.N.Y. Feb. 14, 2020) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "This strict standard is intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Id.* (quoting *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). "Accordingly, 'a motion for reconsideration should be granted only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

In keeping with this "strict" standard, the Court directed Plaintiff to submit a letter describing any *new* arguments and data that he contends are relevant to his request for anonymity. Yet the bulk of Plaintiff's letter addresses his interpretation of *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185 (2d Cir. 2008), a case which Plaintiff already addressed at length in his prior motions asking to proceed via pseudonym. Plaintiff's analysis has already been rejected by the Court – repeatedly – and Plaintiff offers no basis for disturbing those rulings.

Moreover, the only *new* item that appears in Plaintiff's letter is the revelation that he has not been proceeding under his real name at all. Specifically, Plaintiff asserts that "[a]lthough I have gone by 'Rives' throughout my life, it has never actually been my legal surname" and, accordingly, "the case caption has *never* actually reflected my legal name." Thus, Plaintiff has now openly admitted to violating the Court's repeated instruction that he proceed in this case "under his own name." *See* ECF Nos. 9, 11. Plaintiff is also in violation of Rule 10 of the Federal Rules of Civil Procedure, which "expressly requires that civil actions be brought in the true name of the plaintiffs." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006). Moreover, Plaintiff's "'use of fictitious names runs afoul of the public's common law right of access to judicial proceedings,' a right that is supported by the First Amendment" to the United States Constitution. *Id.* (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

2

Plaintiff should not now be permitted to use his ongoing violation of the Court's orders and federal authority to achieve his long-denied request to proceed via pseudonym. Moreover, Plaintiff's speculation that using his correct, legal name in this lawsuit may lead future medical school directors to reject him for suing a prior medical school is completely undermined by the fact that *Plaintiff does not use his legal name for medical school purposes*. *See, e.g.*, ECF No. 60-1 (letter from SUNY Downstate Medical Center to Jan-Michael *Rives*). Finally, if, as Plaintiff asserts, using "Rives" in the caption of this case means that his "identity has thus far been kept confidential," it is unclear why he is making the instant request at all.

Accordingly, for the reasons set forth above, Defendants ask that the Court deny Plaintiff's request for reconsideration of the denial of his motion to proceed via pseudonym. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Eva L. Dietz*
Eva L. Dietz
Assistant Attorney General
(212) 416-6211

cc: Jan-Michael Rives, Plaintiff *pro se*
(by ECF and electronic mail)